BURTON and Another *v.* BURTON.

APPEAL—EFFECT OF.—The only effect of an appeal to the Supreme Court is to stay execution on the judgment. In all other respects, the judgment, until annulled or reversed, is binding upon the parties as to any question directly decided.

APPEAL from the *Vigo* Common Pleas.

GREGORY, J.—This was an action for partition, brought by the appellants. The complaint charges that the plaintiffs are the only heirs at law of *John Burton*, deceased; that he died intestate, in *September*, 1865, seized of the lands of which partition is sought; that the defendant is his widow,

being a second wife, and the plaintiffs are grand-children by a former marriage.

The appellee filed an answer, denying that *John Burton* died intestate, and charging that he left a will, setting out a copy thereof; that the defendant offered this will in the *Vigo* Court of Common Pleas for probate; that the plaintiffs resisted the probate thereof, and on the trial of such issue the court refused to admit the will to probate; that from this decision the defendant appealed to the Circuit Court; that the latter court dismissed the appeal; that from the dismissal she appealed to this court, and that the appeal is now pending; that this court had granted a *supersedeas*, and that she had filed her bond. The plaintiffs demurred to this answer. The court below overruled the demurrer and, the plaintiffs declining to reply, rendered a final judgment, dismissing the suit, with costs. The appellants excepted to this judgment. The overruling of the demurrer to the answer and the dismissal of the suit are the errors assigned.

This proceeding in the Common Pleas Court, set out in the answer, is one of the statutory modes of contesting the validity of the will, and concluded the parties thereto. 2 G. & H., §§ 39, 40, 41, 42, pp. 559, 560. The only effect of the appeal to this court is to stay execution upon the judgment from which the appeal was taken. In all other respects the judgment, until annulled or reversed, is binding upon the parties as to every question directly decided. *Nill et al.* v. *Comparet*, 16 Ind. 107. We think the court below erred in overruling the demurrer to the answer, and in dismissing the suit.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrer to the answer, and for further proceedings.

*J. P. Baird, C. Cruft* and *W. Mack*, for appellants.

*H. D. Scott* and *G. C. Duy*, for appellee.