[No. 1,083.]

WILLIAM CAIN, Adm'r, etc., Respondent, *v.* JOHN B. WILLIAMS, Adm'r, etc., Appellant.

Pendency of Appeal—When does not Suspend Operation of Judgment. The pendency of an appeal, when the appellate court has no other duty than to affirm, reverse, or modify the judgment appealed from, does not suspend the operation of the judgment. The judgment is good until set aside.

Replevin Bond—Compromise with Portion of Sureties—Action against Others.—Plaintiff compromised with four sureties, for less than their

liability, and deducted from the amount of his damages the amount paid by them: *Held*, that the remainder is recoverable from one of the other sureties to the extent of his liability.

IDEM—EFFECT OF RELEASE OF SURETIES NOT RAISED IN COURT BELOW. *Held*, that the question whether the release of the four sureties operated as a release of the defendant, could not be considered, because not raised in the court below.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The sureties, upon the bond sued upon, in general terms undertook and acknowledged themselves jointly and severally bound in the full amount of the undertaking. Thereafter the following clause appears in the bond, viz.: " And each of the sureties hereto binds himself with his co-sureties jointly and severally that he will pay the sum as herein agreed to be paid by him, to wit." Then follows the name of each surety and the amount for which he becomes bound. There is no principal to the bond.

*Wm. Webster*, for Appellant:

I. The intention of the parties who make the agreement should be arrived at without reference to the form made use of by the parties thereto. (Chitty on Cont. 83.)

II. It was the intention of the sureties, while they bound themselves in a joint and several contract to limit their several liabilities in a sum certain, and upon this form of contract a joint action could be maintained and several judgments entered according to the liability of the several sureties to the undertaking or several actions could be maintained against the sureties.

III. The undertaking is a joint and several contract on the part of the sureties wholly independent of the plaintiff in replevin in the suit of *Buckley* v. *Buckley*. (*City of Sacramento* v. *Dunlap*, 14 Cal. 421.) All the parties to the contract are equally bound according to their several liabilities as stated in the undertaking. To permit a recovery against parties not released to the full amount of their original liability, would be a fraud upon them, unless a right of action over for contribution is allowed them against those who

have been released without paying their *pro rata* share of the damages; and to permit a recovery *pro rata* in favor of those who have paid more than their share of the damages against those released, would be a fraud upon them. (Story on Promissory Notes, secs. 423 and 427.) The releases made by the respondent are under seal, technical releases; and released all the parties to the undertaking, unless the statute applies. (1 Comp. L. 465; Story on Promissory Notes, sec. 425; *Armstrong* v. *Hayward*, 6 Cal. 184; *Griffith* v. *Grogan*, 12 Id. 317; *French* v. *Price*, 24 Pick. 13; *Hammatt* v. *Wyman*, 9 Mass. 138.) A covenant not to sue and a covenant of release are different in effect. (*Brown* v. *Williams*, 4 Wend. 360.)

IV. The law of 1866 concerning the liabilities of joint debtors (Comp. L. 465) does not apply to this case. The liabilities of the parties are not such as the law was intended to meet. The parties to the undertaking have fixed their several liabilities, in sums differing one from the other, and such being the case, how could any release be made upon the principal of number as provided in the act? If the sureties have chosen to fix and limit their several liability by several contract, can the contract of each or all in this particular be disregarded, and the liability of each be arranged according to number, as provided by statute concerning joint debtors?

V. The respondent should not have maintained this action pending the appeal to the supreme court in the case of *Buckley* v. *Buckley*. (*Sherman* v. *Dilley*, 3 Nev. 27; *Woodbury* v. *Bowman*, 13 Cal. 634.) For the purpose of showing the general law on matters of appeal preceding the enactment of statutes requiring a special supersedeas to stay execution the following authorities are cited. (*Campbell* v. *Howard*, 5 Mass. 376; *Thompson* v. *Thompson*, Coxe, 159; *Atkins* v. *Wyman*, 45 Me. 399; *Dubois* v. *Dubois*, 6 Cow. 495; *Post* v. *Neafie*, 3 Cai. 28; *Gale* v. *Butler*, 35 Vt. 449; *Levi* v. *Karrick*, 15 Iowa, 444; *Byrne* v. *Prather*, 14 La. An. 663; *Thornton* v. *Mahoney*, 24 Cal. 583; *Penhallow* v. *Doane*, 3 Dall. 87, 118; *Keen* v. *Turner*, 13 Mass. 265; *Paine* v. *Cowdin*, 17 Pick. 142; *Davis* v. *Cowdin*, 20 Id. 510; *Robbins*

v. *Appleby*, 2 N. H. 223, *Tarbox* v. *Fisher*, 50 Me. 236; *Stalbird* v. *Beattie*, 36 N. H. 455; *Stone* v. *Spillman*, 16 Tex. 432.)

*William Cain*, for Respondent:

I. The undertaking on claim and delivery is either on the part of the sureties a joint and several bond for the full sum of fourteen thousand two hundred and twenty dollars, or a several bond of each for the amount severally stated. If joint and several for the full sum, then the statute "concerning the liabilities of joint debtors" (Stat. 1866–67) applies. If the obligation of the sureties is several, then the release of one will not release any others. (Brandt on Suretyship, sec. 383; *Collins* v. *Prosser*, 1 Barn. & Cress. 682; *People* v. *Breyfogle*, 17 Cal. 504; Pacific Coast Law Journal, Dec. 31, 1881.)

II. No undertaking staying proceedings upon the judgment was filed, and plaintiff's right of action upon his judgment was not suspended. (Freeman on Judgments, sec. 433; *Taylor* v. *Shew*, 39 Cal. 536; *Rogers* v. *Hatch*, 8 Nev. 37.)

By the Court, BELKNAP, J.:

In the year 1873 one Sylvanus. Buckley brought an action of claim and delivery of personal property against Armenia Buckley as administratrix of the estate of Henry A. Buckley, deceased. He afterwards obtained the possession of the property by complying with the provisions of chapter II of the civil practice act.

Defendant's intestate, Frank Covington, is a surety upon the undertaking given to the sheriff for the return of the property to the defendant, in case such a return should be adjudged.

Judgment passed against the plaintiff in the suit of *Buckley* v. *Buckley*, and the judgment being unsatisfied, the plaintiff in this action, who has succeeded Armenia Buckley in the administration of the estate of Henry A. Buckley, has sued to recover the amount for which Covington, in his lifetime, became liable on the undertaking.

Plaintiff recovered judgment. Defendant appeals.

From the time of the commencement of this action down to the entry of judgment the case of *Buckley* v. *Buckley* was pending upon appeal in the supreme court. No undertaking to stay execution had been filed.

Defendant contends that the pendency of the appeal suspended the operation of that judgment, and that the court erred in permitting it to be used as the basis of the judgment in this case.

The effect of an appeal under analogous facts was considered by this court in the case of *Rogers* v. *Hatch*, 8 Nev. 35. In deciding the question we will adopt, as our predecessors did in that case, the language employed in *Bank of North America* v. *Wheeler*, 28 Ct. 433: "If the appeal is in the nature of a writ of error, and only carries up the case to the court of appeals as an appellate court for the correction of errors which may have intervened in the trial of the case in the court below, and for its adjudication upon the question whether the judgment appealed from should be affirmed, reversed, or modified, and that court has no other powers or duties than to affirm, reverse, or modify that judgment, or remit the case to the inferior tribunal that it may conform its judgment to that of the appellate tribunal, then such appeal  *  *  *  does not vacate or suspend the judgment appealed from; and the removal of the case to the appellate court would no more bar an action upon the judgment than the pendency of a writ of error at common law, when that was the proper mode of correcting errors which may have occurred in the inferior tribunal. That such an action would not be bound by the pendency of such a proceeding is well settled. The judgment below is only voidable, and stands good until set aside." (See, also, *Taylor* v. *Shew*, 39 Cal. 536; *Scott* v. *Pilkington*, 110 Eng. Com. Law, 11; Freeman on Judgments, sec. 328.)

The other objection is to the amount of the judgment rendered against defendant. The court found that the defendant in the suit of *Buckley* v. *Buckley*, plaintiff here, was damaged by the failure of the plaintiff in that suit to return

the property, in the sum of eleven thousand and thirty-four dollars and forty-four cents.

Four of the sureties upon the undertaking, who were liable thereon in the aggregate amount of ten thousand two hundred and fifty dollars, were compromised with and released upon the payment of three thousand four hundred and sixteen dollars, and satisfaction as against them acknowledged. Because the plaintiff has made this acknowledgment of satisfaction, it is claimed that the amount now recoverable upon the undertaking is the difference between the amount of damages sustained by plaintiff and the aggregate amount for which the four sureties were liable, to wit, the sum of seven hundred and eighty-four dollars and forty-four cents.

But the position is untenable. Plaintiff properly deducted from the amount of his damages the amount paid by the four sureties. The remainder is recoverable from the defendant to the extent of his liability.

The question whether the release of the four sureties operated as a release of the defendant can not be considered upon this appeal, because not made in the court below.

Judgment affirmed.

Petition for rehearing denied.

