[No. 1235.]

## GEORGE YOUNG, RESPONDENT, v. ADOLPH BREHE, APPELLANT.

ESTOPPEL—JUDGMENT.—In an action upon a promissory note, where the defense is made that the defendant executed and delivered to the plaintiff a deed of lands, which was accepted by plaintiff in full payment of the note sued on and other notes due from defendant to plaintiff, the record of a former action by the same plaintiff against the same defendant, on one of the other notes, in which the same defense was made, and where it was decided that the deed was never delivered and accepted as alleged, is conclusive against the defendant.

IDEM—MOTION FOR NEW TRIAL.—The fact that a motion for a new trial is pending in the former action does not affect the operation of the judgment therein as an estoppel.

IDEM—PLEADINGS—EVIDENCE.—Where the plaintiff has had no opportunity to plead the matter of estoppel, it is just as conclusive when admitted in evidence.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are stated in the opinion.

*Henry K. Mitchell,* for Appellant:

The judgment offered from White Pine County was not a final judgment, and did not constitute a bar, but was immaterial and irrelevant in evidence. (Freem. Judg., secs. 12, 36, 251; *State* v. *Logan,* 1 Nev. 509; *Perkins* v. *Sierra Nevada S. M. Co.,* 10 Nev. 411; *Hills* v. *Sherwood,* 33 Cal. 474; *Lake* v. *King,* 16 Nev. 217.)

*Baker & Wines,* for Respondent:

I. The judgment in favor of respondent in the former action, being between the same parties and upon and involving the same issues, was, as evidence, conclusive upon the appellant, and it became a judicial determination of the fact that there had been no payment of the notes sued upon in this action. (Big. on Estop. 45, 126; *Simes* v. *Zane,* 24 Penn. St. 242; *Betts* v. *Starr,* 5 Conn. 550;[1] *Goodrich* v. *The City,* 5 Wall. 566; *Embury* v. *Conner,* 3 N. Y. 511; *White* v. *Coatsworth,* 6 N. Y. 137; *Castle* v. *Noyes,* 14 N. Y. 329; *Doty* v. *Brown,* 4 N. Y. 71;[2] *Dunham* v.

1  13 Am. Dec. 94.                 2  53 Am. Dec. 350.

*Bower*, 77 N. Y. 76;[1] *Trask* v. *H. & N. R. R. Co.*, 2 Allen, 332; *Adams* v. *Barnes*, 17 Mass. 364; *Shepardson* v. *Carey*, 29 Wis. 34; *Caperton* v. *Schmidt*, 26 Cal. 479;[2] *Phelan* v. *Gardner*, 43 Cal. 306; *Parnell* v. *Hahn*, 61 Cal. 131; *McLeod* v. *Lee*, 17 Nev. 103.)

II. The judgment in the former action was a final judgment. Nothing short of an appeal, with an undertaking which stays execution, will destroy the judgment as evidence. (Civ. Pr. Act, secs. 339, 341, 342; *Bank of N. A.* v. *Wheeler*, 28 Conn. 433;[3] *Woodbury* v. *Bowman*, 13 Cal. 635; *Taylor* v. *Shew*, 39 Cal. 536; *Chase* v. *Jefferson*, 1 Houst. (Del.) 257; Whart. on Ev., sec. 781; *Rogers* v. *Hatch*, 8 Nev. 35; *Cain* v. *Williams*, 16 Nev. 426.)

III. If the evidence admitted, whether it be considered admissible or inadmissible, was conclusive of the fact of non-payment, and if the jury decided against such conclusive evidence, the court below properly granted a new trial, and its order should be affirmed. (Hayne, N. T., sec. 98; *Gunter* v. *Laffan*, 7 Cal. 589; *McCloud* v. *O'Neall*, 16 Cal. 393; *Emerson* v. *County of Santa Clara*, 40 Cal. 543; *Bunten* v. *Orient Ins. Co.*, 8 Bos. 448.)

By the Court, Leonard, J.:

In May, 1884, defendant owed plaintiff nearly six thousand dollars, upon promissory notes secured by mortgages, and for money paid out. On the second day of October, 1884, plaintiff brought an action in the district court of Eureka County to recover two thousand six hundred and forty-seven dollars, and interest, upon two promissory notes, and for money paid out. That case was transferred to White Pine County for trial. In his answer defendant denied any and all indebtedness, and alleged that he had paid plaintiff in full all sums of money claimed in the complaint to be due. After trial upon the merits, plaintiff recovered a verdict and judgment for two thousand three hundred and seventy-two dollars.

At the trial in this case it was admitted and agreed that, in the *White Pine Case*, defendant had filed and served notice of intention to move for a new trial; that no statement had been settled; that said motion was still pending; and that defendant had not executed any bond or undertaking on appeal. Plain-

tiff instituted this action in the district court of Eureka County, October 9, 1884, to recover two thousand six hundred dollars, and interest alleged to be due upon two other promissory notes. In his answer, as in the *White Pine Case*, defendant denied any and all indebtedness, and pleaded full payment of each note described in the complaint. The record shows, without contradiction, that in the *White Pine Case*, to sustain his allegation of payment, defendant insisted, and introduced much evidence tending to prove, that, on or about May 31, 1884, in pursuance of an agreement entered into between plaintiff and defendant, he sold and delivered to plaintiff certain personal property, and conveyed, by good and sufficient deed, real estate in full payment and satisfaction of all indebtedness then existing against him in favor of plaintiff, which included that claimed in the action then being tried, and also the amount in question in this action; and that said sale and conveyance were accepted by plaintiff in full payment and satisfaction of the entire indebtedness mentioned; that, on the contrary, plaintiff claimed and insisted, and introduced evidence tending to prove, that the attempted settlement was never consummated; that the deed was never delivered to or accepted by him, and therefore that the notes then in question had not been paid.

The verdict in that case must have turned on those issues, for there were no others, and it was in favor of plaintiff. Yet in this action, between the same parties, those are the precise questions which defendant endeavored to agitate again; and to that end he introduced evidence substantially the same as that produced at the trial in White Pine.

After defendant had rested, for the purpose of proving what questions were submitted and determined in the former case, plaintiff introduced in evidence copy of complaint, summons, answer, order of removal to White Pine County for trial, verdict, and judgment in that case, and also oral testimony showing what evidence was introduced by the respective parties in support of the issues there made. The court charged the jury, among other things, that if they found the verdict of the jury and the judgment of the court in the case tried in White Pine were in favor of plaintiff upon the issues of delivery or non-delivery, acceptance or non-acceptance, of the said deed, and if they further found that defendant in this action relied upon the

execution and alleged delivery to plaintiff of the same deed, and claimed that the said deed was executed and delivered at the same time testified to by him upon the trial in White Pine County, then said verdict and judgment so rendered and entered in favor of plaintiff, and against defendant, upon the trial of said action in White Pine County, were conclusive upon defendant in this action, and their verdict must be for plaintiff; unless they found from the evidence that there was some payment made by defendant, of the notes sued on in this action, other than the execution and delivery of said deed. The jury found for defendant, and judgment was entered in his favor for his costs. Plaintiff moved for a new trial on the ground that the evidence was insufficient to justify the verdict, and did not support the verdict. The court ordered a new trial upon the ground stated in the motion, and defendant appeals from that order.

The district court in White Pine County had jurisdiction of the parties and the subject-matter of that action. The court and the district court of Eureka County had concurrent jurisdiction. In the two cases mentioned, the parties and the issues made by the pleadings were the same. The facts put in issue and found by the jury in the *White Pine Case* in favor of plaintiff, upon which recovery was based, were identical with those that defendant attempted to establish in his favor in this action, and upon which he relied to defeat plaintiff's recovery. The verdict and judgment in the former case established the fact, conclusively, that the deed referred to was not delivered or accepted in payment or satisfaction of plaintiff's demands, and consequently that the notes and claims in question in that action had not been paid thereby. If there was not such delivery or acceptance of the deed as to constitute payment of the demands in question in that action, the same was true of the notes involved in this, because the transaction was entire, and the conveyance covered and satisfied the whole indebtedness, if any part of it. Upon these facts the judgment in the former case, as evidence, was conclusive against defendant upon the only material issues raised in this case. (*McLeod* v. *Lee,* 17 Nev. 103; 1 Greenl. Ev., sec. 534; *Caperton* v. *Schmidt,* 26 Cal. 496;[1] *Gardner* v. *Buckbee,* 3 Cow. 125;[2] *Burt* v. *Sternburgh,* 4 Cow. 562;[3] *Burke* v. *Miller,* 4 Gray, 115; *Doty* v. *Brown,* 4 N. Y. 72;[4] *White* v. *Coatsworth,* 6 N. Y. 139.)

1  85 Am. Dec. 187.    2  15 Am. Dec. 256.    3  15 Am. Dec. 402.    4  53 Am. Dec. 350.

The estoppel was not pleaded in bar, but, when there has been no opportunity to do so, the matter of estoppel, when admitted in evidence, is just as conclusive as it would have been if it had been pleaded. (1 Greenl. Ev., 13th ed., sec. 531; *Perkins* v. *Walker*, 19 Vt. 148.) In this case plaintiff had no opportunity to plead it. (*Clink* v. *Thurston*, 47 Cal. 28.) In fact, the only reason suggested by counsel for appellant why the judgment in the former case was not conclusive against defendant in this action, upon all material issues, that is to say, upon the questions of delivery and acceptance of the deed, and consequently as to payment of the notes in suit, is, that the judgment admitted in evidence was not final, and therefore not a bar; because in that case a notice of intention to move for a new trial had been filed, and was still pending, although no appeal had been taken, and no bond or undertaking on appeal or to stay execution had been executed. We are referred to no authorities that sustain counsel's position, and know of none. Although the question as to the effect of an appeal from a judgment of a district court to the supreme court, with or without a stay bond, is not in this case, yet this court, on two occasions, has decided that the validity of such judgment is not suspended or affected by a bare appeal. (*Rogers* v. *Hatch*, 8 Nev. 39; *Cain* v. *Williams*, 16 Nev. 430. See also *Nill* v. *Comparet*, 16 Ind. 108;[1] *Burton* v. *Burton*, 28 Ind. 343; *Burton* v. *Reeds*, 20 Ind. 87.) The pendency of motion for a new trial did not even stay execution. (*People* v. *Loucks*, 28 Cal. 70; *Jones* v. *Spears*, 56 Cal. 164; Hayne N. T., sec. 3.) The judgment disposed of every issue in the case, and was final. (*Perkins* v. *Sierra Nev. S. M. Co.*, 10 Nev. 405; *Lake* v. *King*, 16 Nev. 216.)

Defendant did not claim that he had paid the notes in question, unless the execution and alleged delivery of the deed of May 31, 1884, constituted such payment. Upon that point the former judgment was conclusive against him, and the court did not err in granting a new trial.

Order appealed from affirmed.