Smith vs. Schreiner.

Smith, Respondent, vs. Schreiner, Administrator, Appellant.

*September 7 — September 26, 1893.*

*Judgment:* Res adjudicata: *Effect of appeal.*

A mere appeal does not affect a judgment as a bar to another action.

APPEAL from the Circuit Court for *Dane* County.

The plaintiff, *Julia S. Smith*, petitioned the county court of Grant county for an order that the defendant, as administrator *de bonis non* with the will annexed of J. H. Hyde, deceased, forthwith pay over to her a legacy of $600 given her by said will. The defendant by a counterclaim asked, among other things, an adjudication that the plaintiff had received all, and more than, she was entitled to under the will. Upon a hearing before the county court of Crawford county (because of the prejudice of the county judge of Grant county) the petition was dismissed. The plaintiff appealed, and the venue was changed to Dane county. The circuit court adjudged that the petition should be granted, and from the judgment entered accordingly the defendant appealed.

For the appellant there were briefs by *Bushnell & Watkins*, and oral argument by *A. R. Bushnell*. They contended, *inter alia*, that an appeal, during its pendency, suspends or supersedes the judgment or decree appealed from. *Keyser v. Farr*, 105 U. S. 265; *Draper v. Davis*, 102

Smith vs. Schreiner.

id. 370; *U. S. v. Pacheco*, 20 How. 261; *Yeaton v. U. S.* 5 Cranch, 281; *Ætna L. Ins. Co. v. McCormick*, 20 Wis. 279; *Hudson v. Smith*, 9 id. 122; *Spaulding v. M. & H. R. Co.* 11 id. 157; Freeman, Judgm. (4th ed.), sec. 328, and cases cited; *Ambrose v. Weed*, 11 Ill. 488–491; *Helm v. Boone*, 6 J. J. Marsh. 351; *Griffin v. Seymour*, 15 Iowa, 33; *Levi v. Karrick*, id. 444; *Campbell v. Howard*, 5 Mass. 376; *Paine v. Cowdin*, 17 Pick. 142; *Davis v. Cowdin*, 20 id. 510; *Curtis v. Beardsley*, 15 Conn. 518; *Card v. Foot*, 57 id. 432; *McGarrahan v. Maxwell*, 28 Cal. 75; *Thornton v. Mahoney*, 24 id. 569; *People v. Frisbie*, 26 id. 135; *Murray v. Green*, 64 id. 369; *People v. Treadwell*, 66 id. 401; *Knowles v. Inches*, 12 id. 216; *Escurix v. Daboval*, 7 La. 579; *Turnbull v. Cureton*, 9 Martin (O. S.), 38; *Wade v. Colonization Soc.* 4 Smedes & M. 671; *Yocom v. Moore*, 4 Bibb, 221; *Long v. Hitchcock*, 3 Ohio, 274. "A judgment, if appealed from, is not final until the appeal has been determined." 21 Am. & Eng. Ency. of Law, 266, and cases cited.

For the respondent there were briefs by *Carter & Burns*, and oral argument by *W. E. Carter*.

ORTON, J.    Dr. Jehiel H. Hyde executed his last will and testament November 20, and died December 7, 1869, in Grant county, this state.    The will was duly probated, and one Addison Burr, named as executor in the will, was duly appointed, and made his final settlement in January, 1870, and there remained in his hands, after payment of all the debts, the sum of $7,313.61, which amount, by the order of the county court, was paid over to Mrs. Sarah Hyde, the widow of the testator, according to the will.

By the will all of the estate of the testator, real and personal, was devised and bequeathed to his wife, the said Sarah, "to have and to hold during her natural life, unless she should again marry, in which case she shall forfeit all right to the personal estate that may remain, and all right

to the real estate or the proceeds thereof. The personal estate, before such remarriage, *she may dispose of as her necessities may require, or as her judgment may dictate to be right and expedient.*" She was authorized and empowered to sell and convey the homestead, and have the use of the proceeds during her natural life. " On her remarriage or death all the personal estate that may remain unexpended, and all the real estate or proceeds thereof, shall be equally divided among the children of the testator's brother of full blood." There was a bequest or legacy of $600 to the plaintiff, *Julia Smith*, wife of Dr. C. Stoddard Smith, to be paid at the time of the final distribution of the estate.

It appears that said Sarah Hyde, the widow of the testator, before her decease, disposed of nearly or quite all of the personal estate which came to her hands under the will, to the said *Julia Smith*, the said plaintiff, and to her husband, the said Dr. C. Stoddard Smith, of the value of five or six thousand dollars. The appellant, as the administrator of the estate *de bonis non*, brought suit in equity against the said *Julia* and C. Stoddard Smith in the circuit court of the United States for the northern district of the state of Illinois, about May 17, 1886, for the purpose of compelling them to account for such part of the estate as came to their hands by and through the said Sarah Hyde as aforesaid, and pay the same over to him as administrator *de bonis non* of said estate. On the final hearing of said suit said court dismissed the complaint therein on its merits, for want of equity, and said judgment still remains unreversed on the records of said court. It was held in said suit that the above clause of the will clothed Mrs. Sarah Hyde, the said widow of the testator, with the full power of disposition of the personal estate, and that such disposition thereof by her, in her lifetime, to the said *Julia Smith* and her husband, was absolute and binding on the residuary legatees. The said administrator *de bonis non*

thereupon appealed from said judgment to the supreme court of the United States, where said appeal is still pending, and no *supersedeas* was granted thereon.

This action is brought by the said *Julia Smith* to recover her said legacy of $600, and the said administrator *de bonis non* has answered, setting up that the plaintiff has already in her hands said five or six thousand dollars she received from the said Mrs. Sarah Hyde as aforesaid, as a part of said estate, which should be applied to the full payment of said legacy. The plaintiff sets up the said judgment in bar of this defense as *res adjudicata* of the same matter, and between the same parties; and the circuit court so held, and rendered judgment against the appellant for said $600, less $59.25 already paid, with interest from October 1, 1889.

The main question on this appeal is therefore whether said judgment is a bar, notwithstanding said appeal. This question has not been directly decided by this court. *Neuman v. State*, 76 Wis. 112, seems, however, to decide the principle. Proceedings were taken before the village board to revoke the license of Neuman to sell liquors in the village of Bloomington. The board entered an order revoking his license. He took the case to the circuit court on *certiorari*, and the circuit court affirmed the order. He then appealed from that judgment to this court, and while the appeal was pending he was prosecuted for selling liquor without license during the time of his license if it had not been revoked; and the question was whether the order of the board did not continue in force, so as to make such selling illegal, notwithstanding the *certiorari* and the appeal, and this court held that it did, and that his conviction was legal. The order of the board was in the nature of a final judgment, and continued in force after a *certiorari* to the circuit court, and after an appeal to this court from the judgment of the circuit court affirming the order of the

board. If this case was correctly decided, and as long as it remains the law of that case, it is difficult to see how this court can hold that an appeal from any final judgment affects the force and conclusiveness of the judgment as *res adjudicata* and as a bar to another action, for the principle appears to be precisely the same in both cases. What would be the effect upon the judgment if a *supersedeas* or stay of proceedings had been granted we need not inquire, for there was neither in this case.

In many of the states, and perhaps in most, it is held that an appeal destroys the effect of a judgment as *res adjudicata*, and, while pending, the judgment cannot be pleaded in bar to another action for the same cause between the same parties. The learned counsel of the appellant cite many of these cases. But on the other hand, in many of the states the courts of equal credit and respectability hold otherwise, and we think with better reason. In 2 Black, Judgm. § 685, the learned author says: "*Reasonable as this view appears*, it must be admitted that it is opposed by a settled line of decisions in numerous other states." "In the federal practice a writ of error to the circuit court does not have the effect, pending the proceedings, to suspend the operation of the judgment as a bar or estoppel." 2 Black, Judg. § 510, citing *Oregonian R. Co. v. Oregon R. & N. Co.* 27 Fed. Rep. 277. This being a judgment of a federal court, this practice should have weight in deciding its effect after an appeal.

In New York, by repeated decisions, an appeal does not affect the judgment as an estoppel. *Parkhurst v. Berdell,* 110 N. Y. 386; *Sage v. Harpending,* 49 Barb. 166. Such is the settled doctrine in Indiana. *Burton v. Burton,* 28 Ind. 342, and many other cases. See, also, *Young v. Brehe,* 19 Nev. 379; *Bank of N. A. v. Wheeler,* 28 Conn. 433; *Faber v. Hovey,* 117 Mass. 107; *Planters' Bank v. Calvit,* 3 Smedes & M. 143; *Scheible v. Slagle,* 89 Ind. 328; *Allen v. Mayor,*

Smith vs. Schreiner.

9 Ga. 286; *Paine v. Schenectady Ins. Co.* 11 R. I. 411; *Cloud v. Wiley,* 29 Ark. 80.   Suffice it to say that in very many of the leading states this is the settled doctrine; and Mr. Freeman, on Judgments (sec. 328), seems to think that is the prevailing doctrine of the courts, and that the cases which hold otherwise are exceptional.   Many of the cases which seem to hold otherwise are in admiralty, or on orders, or depending on statutes.   There is a strong reason in favor of the rule, in order to discourage or prevent a multiplicity of actions between the parties for the same cause wherever possible.   "*Nemo debet bis vexari pro una et eadem causa.*"   There is no good reason why a mere appeal from the judgment should suspend the operation of this rule.   The party should await the result in the tribunal he has selected, before vexing his adversary with other suits for the same cause.   By any other rule, judgments in the same controversy, and appeals thereon, may be numberless.

We prefer to hold, therefore, that a mere appeal does not affect the judgment as a bar to another action, sustained as it is by reason and such respectable authorities.   This holding disposes of all the matters in defense of the action, without which the plaintiff was entitled to recover.   The circuit court properly found that the defendant, as administrator *de bonis non,* has in his hands $1,200, money belonging to said estate, and that there is no reason why a division of the estate should not be made among the children of the testator's brother according to the will.

*By the Court.*— The judgment of the circuit court is affirmed.