OF THE

## STATE OF MISSOURI

AT THE

APRIL TERM, 1904.

*(Continued from Volume 183.)*

## RODNEY et al. v. GIBBS et al., Appellants.

Division Two, July 16, 1904.

1. **ABATEMENT: Suit Pending.** Where defendant by way of an equitable affirmative defense to plaintiff's ejectment reasserts the same facts she had in a former action by her as plaintiff made the basis of her suit between the same parties, which she had lost, and which was appealed and was then pending undetermined in the proper appellate court, it is error to strike out such defense on the ground of suit pending, for the second litigation was not begun by her.

2. **RES ADJUDICATA: Appeal: No Supersedeas.** A judgment from which an appeal is taken without the giving of a supersedeas bond, is, until reversed, *res adjudicata* of the matters by it determined, and can be set-up by either party as an estoppel in any subsequent suit between the same parties involving the same cause of action, if the court rendering the judgment had jurisdiction.

3. **————: Available to Respondent on Appeal: Suit Pending.** Where defendant in her answer sets up an equitable defense to plaintiff's ejectment, and plaintiff in reply pleads, first, a

former suit pending and undetermined involving the same matters set up in that equitable defense, and, second, a former adjudication of the matters therein set up, and the court erroneously decides that the plea of former suit pending is good, but that that of *res adjudicata* is insufficient, but renders judgment for plaintiff, from which defendant alone appeals, and all the evidence is brought before the appellate court, it will, the action being one in equity, uphold the judgment on the ground that the plea of *res adjudicata*, although denied to respondent, was a complete estoppel to a further trial of the equitable defense.

4. ———: **Change of Venue: Common Pleas Court: Jurisdiction By Consent: Collateral Proceeding: Waiver.** The statute gave the common pleas court of Cape Girardeau "concurrent original jurisdiction in all civil actions at law with the circuit court," which means equity suits as well as actions at law, and provided that "all causes in which a change of venue shall be awarded by the circuit court of any other county, to the county of Cape Girardeau, shall be certified and transferred to the circuit court." And the former suit between the same parties to this, involving the same cause of action, was one in equity, to enforce specific performance of a parol gift of land, and was brought in another county, the county in which the land lies, and was taken by change of venue to the Cape Girardeau Court of Common Pleas, and the defendants in this cause (plaintiffs in that) and all the other parties appeared in that court and went to trial therein, submitting themselves to its jurisdiction without raising any question of its jurisdiction over the subject-matter. *Held,* that all of said parties must be held, in this case, which is a collateral one, to have waived the question of jurisdiction in that, and can not now be heard to say that that court was without jurisdiction to render judgment therein. That judgment is *res adjudicata* of the things and matters therein adjudicated, in this subsequent proceeding between the same parties.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*H. S. Shaw* and *J. R. Young* for appellants.

(1)   (a)   There is no rule of law and there are no cases that hold that a plaintiff can abate a defense in an

action or in actions pertaining to possession of real estate. (b) In order to abate an action on the ground of another action pending, the subject-matter and parties must be the same. If the parties are reversed the abatement should not be sustained. 42 L. R. A. 450. (c) If different proofs are required to sustain the two actions the judgment in one is no bar to the other. Warder v. Henry, 117 Mo. 541; Garland v. Smith, 164 Mo. 22; Callahan v. Davis, 125 Mo. 35. The two causes of action were not the same. One party is added. Several parties are dropped. The positions of plaintiff and defendants are changed, and the distinct allegation is added to the answer that did not appear in first petition, that the money with which Whitwell, the common source of title, purchased the real estate in question, belonged to defendant Elizabeth Gibbs. (d) The grounds upon which courts proceed in the abatement of subsequent suits is that they are unnecessary and are therefore deemed vexatious and oppressive. But the modern practice is not to infer, as a matter of law, that the subsequent suit is vexatious and unnecessary from the mere fact of the pendency of a former suit between the same parties, but to proceed upon inquiry into the actual circumstances of the two cases and then determine as a matter of fact whether the subsequent suit is vexatious. State ex rel. v. Dougherty, 45 Mo. 297; Jacobs, Admr., v. Lewis, 47 Mo. 344; Warder v. Henry, 117 Mo. 530; Bernicker v. Miller, 44 Mo. 102. (2) (a) Suits affecting real estate must be brought in the county where the real estate is situated. R. S. 1899, sec. 564; Vogelsmier v. Prendergrast, 137 Mo. 271; Ensworth v. Holly, 33 Mo. 371; Gregg v. Railroad, 48 Mo. App. 499. (b) A judgment in a case wherein the court had no jurisdiction is void and may be attacked collaterally. Church v. McElhiney, 61 Mo. 543; Collier v. Wilson, 56 Mo. App. 42; Hutchinson v. Shelly, 133 Mo. 413; State ex rel. v. Baker, 129 Mo. 487; Hope v. Blair, 105 Mo. 92. (c) The Cape Girardeau court of common

pleas could not render the judgment relied upon by respondents either as a circuit court or as a probate court. The attempted proceedings and judgment are void. All trials, proceedings and orders concerning an estate must be in the probate court of the county where letters testamentary are granted and the estate is in process of administration. R. S. 1899, sec. 5. But the judgment purports to be against a dead person and the deed purports to convey the interest of a dead person and her administrator in the real estate in controversy. "A deed made pursuant to a sale under execution issued on a judgment in an action against a person who was dead at its institution conveys no title." Childers v. Schantz, 120 Mo. 305. Any order changing the venue of Gibbs v. Whitwell to Cape Girardeau court of common pleas was void. A void order is equivalent to no order. Jurisdiction must exist or be conferred by law. Even the consent of the parties could not confer it. Bray v. Marshall, 66 Mo. 123; State v. Stein, 115 Mo. 479; Collier v. Wilson, 56 Mo. App. 422; Ewing v. Brooks, 69 Mo. 50; State ex rel. v. Baker, 129 Mo. 487. The Cape Girardeau court of common pleas acquired no jurisdiction by virtue of the answer filed by the attorney who purported to be the attorney of the administrator. The probate jurisdiction sought to be exercised by the Cape Girardeau court of common pleas belonged to the Stoddard county probate court. R. S. 1899, sec. 5. The Cape Girardeau court of common pleas was established by the Act of 1851, and all its powers and jurisdiction are conferred by that and amendatory acts. R. S. 1899, pp. 2579 to 2582. The granting of a change of venue from another county to Cape Girardeau county is governed by the provisions of section 19 of the act.

*Wilson Cramer* for respondents.

(1) The claim of the original plaintiff, Charles E. Rodney, to the premises in controversy rests on the

sheriff's deed under execution, issued upon the judgment of the Cape Girardeau court of common pleas in the case of Gibbs v. Whitwell, which has been affirmed since the trial of this cause in the court below. Gibbs v. Whitwell, 164 Mo. 387. (2) The suit of Gibbs v. Whitwell originated in the circuit court of Stoddard county and was sent on change of venue to the Cape Girardeau court of common pleas. Neither in that court, nor in this court on appeal, did the plaintiff deny or question the jurisdiction of the common pleas court to hear and determine the cause. When Rodney in the present action of ejectment seeks to reap the benefit of his judgment of foreclosure, Elizabeth Gibbs and her codefendant for the first time raise the objection that the Cape Girardeau court of common pleas was without jurisdiction, and that its judgment is therefore void. (3) By the amendatory Act of 1853 the common pleas court is given "concurrent original jurisdiction in all civil actions at law with the circuit court." It has, therefore, jurisdiction of the class of cases to which the case of Gibbs v. Whitwell belongs; in other words, jurisdiction of the subject-matter. (4) Whatever may be the effect of section 19 of the Act of 1853, providing that when causes are sent from the circuit court of some other county to Cape Girardeau county they shall be awarded and transferred to the circuit court, defendants here are in no position to invoke its provisions to nullify the judgment of the common pleas court. That court having had jurisdiction of the subject-matter, and Elizabeth Gibbs, the plaintiff, having agreed in the circuit court of Stoddard county that the case should be sent on change of venue to the Cape Girardeau court of common pleas, and having appeared in that court and proceeded to trial without objection, she is now estopped from denying the jurisdiction.

GANTT, P. J.—This is an ejectment for certain lands in Stoddard county, and from a judgment in favor of Charles L. Rodney, the original plaintiff herein, the defendants prosecute this appeal. Since the appeal has been lodged in this court, Charles L. Rodney has died and the cause has been revived in the name of his heirs at law, Louis L. Rodney and Rodney Whitelaw.

The petition is in the statutory form. The answer is, first, a general denial, and, secondly, an equitable defense, wherein it is alleged in substance that Mrs. Gibbs is the daughter of the late W. H. Whitwell, deceased; that said Whitwell, for and in consideration of love and affection and because said Whitwell had purchased said real estate with certain moneys of his said daughter, Mrs. Gibbs, did in his lifetime give said lands to her, and placed her in possession of the same about the year 1879, and that she and her husband have ever since been in the public and notorious possession of said lands under claim of title, and relying upon the gift from said Whitwell to them and believing their title was good, have made lasting and valuable improvements thereon; that said Whitwell, being threatened with financial embarrassment about the year 1887, conveyed said lands to A. W. Hunt by deed duly recorded in Stoddard county; that A. W. Hunt afterwards conveyed said lands to Mary J. Whitwell by deed duly recorded; that said two deeds were wholly without consideration; that said Mary J. Whitwell did not make any claim to the lands so donated to defendants by said W. H. Whitwell, but that defendants continued to occupy, cultivate and claim the same under claim of title, etc. Defendants aver that on the eleventh day of August, 1894, without the knowledge of defendants as aforesaid, the said Mary J. Whitwell conveyed said lands by deed of trust to secure one J. B. Dennis the payment of a debt due by her to said Dennis, and that in default of payment of said debt the right and title of Mary J. Whitwell in and to said property was sold by decree of court purporting

to reform and foreclose said deed of trust and bought by plaintiff and that this constitutes plaintiff's claim of title; that when he bought plaintiff had full notice of defendants' open and notorious possession and claim of title, etc. Wherefore, they prayed that said decree and deeds of trust and sale thereunder might be set aside and title to said lands vested in defendants and for other proper relief, etc.

For reply, plaintiff pleaded first a general denial of the new matter in the answer; second, that all the matters set up in the answer were *res judicata* by reason of the judgment of the court of common pleas of Cape Girardeau county; third, that the cause of Elizabeth Gibbs v. A. S. Whitwell et al., in which the same issues were made, was still pending on appeal in the Supreme Court of Missouri and undetermined.

"At the hearing of the cause plaintiff's pleas in bar and in abatement were first taken up, and in support thereof he offered in evidence the proceedings had in the case of Elizabeth Gibbs v. A. S. Whitwell et al., and the admission was made of record that the appeal in that cause was still pending and undetermined. The court sustained the plea that there was another action pending and abated the equitable defense set up in the answer.

"At this stage defendants abandoned the case, and plaintiff proceeded with the introduction of evidence in support of his petition, introducing the decree of the common pleas court and his sheriff's deed. The possession and rental value were admitted. Upon this proof the court gave judgment for the plaintiff."

In appellants' statement it is alleged that the court refused to hear any testimony on their behalf, but this is an error. Having abated the equitable defense the court would not hear evidence upon it, and the defendants made no further offering.

In due time the defendants filed the usual motions, which being overruled, they appealed.

Rodney v. Gibbs.

I.   The plaintiffs' title to the lands in controversy rests on the sheriff's deed under execution issued on the judgment of the Cape Girardeau court of common pleas, in the case of Elizabeth Gibbs v. A. S. Whitwell et al., which has been affirmed by this court since the judgment and appeal in this case. [Gibbs v. Whitwell, 164 Mo. 387.]   It is obvious that as W. H. Whitwell is the common source of title and both parties claim through him and as plaintiffs established their legal title through regular mesne conveyances of W. H. Whitwell's title to their ancestor, the original plaintiff herein, Charles E. Rodney, the judgment in his favor was clearly right unless the equitable defense of defendants was improperly excluded.   The correctness of the action of the circuit court in sustaining plaintiffs' plea in abatement to this equitable defense is presented for our determination on this appeal.

In plaintiffs' plea in abatement it was alleged that theretofore the defendant Elizabeth Gibbs, who is the wife of her codefendant, A. Chase Gibbs, had brought her action against the plaintiff, Charles E. Rodney, and others, in which she pleaded as her cause of action the same facts set out in the answer in this cause and prayed the same relief; that upon the trial of the issues in said cause in the Cape Girardeau court of common pleas, a court of competent jurisdiction, judgment was rendered by said court against the said Elizabeth Gibbs and her petition dismissed; that said Elizabeth Gibbs was allowed an appeal to the Supreme Court of Missouri where said cause was still pending and undetermined and plaintiff pleaded the pendency of said cause in the Supreme Court on appeal as aforesaid in bar of the further defense in this cause based on the matters set out in said amended answer as a defense to plaintiffs' suit herein.

As already stated, when the cause came on for trial, the plaintiff proceeded first to offer evidence to sustain the issues on his pleas of *res judicata,* and *another ac-*

*tion pending,* as to the matters alleged in the answer.
He thereupon offered in evidence the entire record in
the case of Mrs. Elizabeth Gibbs v. A. S. Whitwell et al.,
begun in the circuit court of Stoddard county and re-
moved on change of venue to the Cape Girardeau court
of common pleas.

To the introduction of this record defendants ob-
jected, because the replication did not set up facts suffi-
cient to constitute a bar to said defense or warrant the
court in abating said defense. The court overruled the
objection, and admitted the record, and it was further
admitted that the said appeal was still pending. The
circuit court held that the defense set up in the answer
was the same cause of action as that pleaded and deter-
mined in Gibbs v. Whitwell et al., in the Cape Girardeau
court of common pleas, and that the former suit was
still pending at the time, and consequently sustained the
plea in abatement, but held the matters therein adjudged
were not *res adjudicata.* That the defense in this case
is the same as that pleaded in the petition in Gibbs v.
Whitwell et al., an inspection of the two pleadings con-
clusively establishes.

The subject-matter and the parties litigant were the
same in each court. It is of no moment whatever that
other parties also were parties in either suit as in each
the real adversaries over the one subject-matter in suit
were Mrs. Gibbs and Charles E. Rodney. The proofs
required were the same in each and the relief sought
in each identical.

But admitting that all this is true, defendants insist
the court erred in sustaining the plea in abatement for
two reasons: First, the plaintiffs were not the same in
both suits, but the parties were reversed; and, second,
there are no cases that hold that a plaintiff can abate
such a *defense* in an action for possession of real
estate.

Our code of civil procedure provides that the de-
fendant may demur to the petition when it shall appear

upon the face thereof that "there is another action pending between the same parties, for the same cause, in this State." [Sec. 598, R. S. 1899.] And by section 602, "When any of the matters enumerated in section 598 do not appear upon the face of the petition, the objection may be taken by answer." "The ground upon which courts proceed in the abatement of subsequent suits is that they are unnecessary, and therefore deemed vexatious and oppressive." [Warder v. Henry, 117 Mo. 541; State ex rel. v. Dougherty, 45 Mo. 294; Jacobs v. Lewis, 47 Mo. 344.]

Unquestionably the general rule is as stated by defendants that the defense of a prior suit pending applies only when the *plaintiff* in both suits is the *same person* and both are commenced by *himself* and not to cases where there are cross-suits by a plaintiff in one suit who is a defendant in the other, because it can not be said that either is prosecuting *two* actions against the other within the rule in question. [1 Cyclopedia Law and Procedure, p. 34; Ayres v. Bensley, 32 Cal. 630; O'Connor v. Blake, 29 Cal. 312; Certain Logs of Mahogany, 2 Sumner (U. S.) l. c. 593; Bacon's Abridg., "Abatement;" Sparry's Case, 5 Coke 61; New England Screw Co. v. Bliven, 3 Blatchf. 243; Wood v. Lake, 13 Wis. l. c. 92; Wadleigh v. Veazie, 3 Sumner 165; Pratt v. Howard, 109 Iowa 504; Walsworth v. Johnson, 41 Cal. 61.]

Do the circumstances of this case take it out of the general rule? While it is true that Mrs. Gibbs by her equitable defense in the nature of a cross-bill praying affirmative relief, converted the action into a suit in equity, still she did not bring herself within the principle upon which the rule is based, to-wit, the maxim that, "no one ought to be twice harassed for one and the same cause," or the abhorrence which the law entertains for a multiplicity of actions. She is merely reasserting as a defense that which she had alleged as a cause of action, and this pending her own suit. She had not sought

needlessly to harass plaintiff with a second suit. She was merely asserting her equity as a defense in a suit which plaintiff had brought without awaiting the result of her appeal to this court. Upon principle it seems to us the circuit court erroneously struck out her defense on the ground that she had another suit pending for the same relief on the same facts. This second litigation was not begun by her, and we see no inconsistency in permitting her to plead the same facts which she was relying upon to effect a reversal in this court.

A much more serious question is whether the court did not err in her favor by holding that the judgment did not have the effect of *res judicata*. The record was introduced by plaintiff to sustain its plea of *res adjudicata* as well as in abatement, but the court ruled that the plea of *res judicata* was not well taken, while holding that the plea of another action pending was, and adjudged that the defendants' defense abate.

When the cause was tried the decree in Gibbs v. Whitwell had been entered in the Cape Girardeau court of common pleas. It is true an 'appeal had been taken from that decree, but the plaintiff therein, Mrs. Gibbs, the defendant herein, had not given a supersedeas bond and the appeal did not have the effect of superseding the decree.

Until reversed or set aside, that decree was valid and binding, and although an appeal was then pending in this court, as it was taken without bond being given, it did not even suspend the judgment nor prevent the enforcement of the decree by execution. [Burgess v. O'Donoghue, 90 Mo. 299.] While the common pleas court was powerless to take any further judicial action in the case pending the appeal, it could execute it by proper process. When, therefore, the decree was offered in evidence it was a valid subsisting decree between Mrs. Gibbs and Mr. Rodney, unreversed and in full force and effect and in no way suspended by a

supersedeas. [Ritter v. Democratic Press Co., 68 Mo. 458.]

In this last-mentioned case one Saunders was offered as a witness. He had been convicted of false pretences and sentenced to the penitentiary, but had appealed. As the statute then stood, one convicted of that felony was incômpetent to testify, but it was insisted that inasmuch as he had appealed from the judgment he was competent, but this court, through Judge NAPTON, said: "The circuit court properly excluded him. He was convicted of a crime which disqualified him as a witness, and the subsequent reversal of that judgment by this court could not be anticipated by the circuit court." That case was cited with approval in State v. Buck, 120 Mo. 497.

In Ketchum v. Thatcher, 12 Mo. App. 185, this question received a most careful consideration by Judge LEWIS, and the court reached the conclusion that a judgment appealed from *with supersedeas* bond will not, pending the appeal, support a plea of *res adjudicata,* and this was followed in Young v. Thrasher, 61 Mo. App. 418. The learned judge called attention to the decision of this court in Lewis v. Railroad, 59 Mo. 495, in which it was insisted that as the plaintiff in an action for personal injuries had died pending the appeal, the action must abate, but this court held that the appeal did not vacate, but merely suspended the judgment, and the action did not abate and the judgment was affirmed in this court. [See, also, State ex rel. v. France, 72 Mo. 41.]

In Railroad v. Atkison, 17 Mo. App. 484, the plaintiff had obtained judgment in replevin for certain notes against a party who held the same in escrow. From this judgment the makers of the notes appealed, but the holder in escrow did not appeal. Pending this appeal plaintiff brought suit on the notes. It was insisted that pending the appeal suit could not be maintained on the notes, but it was ruled that the bond only stayed execu-

tion as to costs. But it was said, "This rule might not apply in an equitable proceeding, where the decree is appealed from and bond given. For there the whole record is taken before the appellate court to be retried on the merits of the controversy, with jurisdiction in the appellate court to proceed to render judgment *ex aequo et bono.*" [Racine v. Barnes, 6 Wis. 472.]

An examination of the authorities discloses much conflict on this question. In a number of the States it is held that the perfecting of an appeal suspends the operation of the judgment as an estoppel, and renders it no longer admissible as evidence in any controversy between the parties. Notably so in California. [In re Blythe's Estate, 99 Cal. 472; Harris v. Barnhart, 97 Cal. 546; Story v. Com. Co., 100 Cal. 41; Railroad v. Brigman, 95 Tenn. 624; Byrne v. Prather, 14 La. Ann. 653; Sherman v. Dilley, 3 Nev. 21; Haynes v. Ordway, 52 N. H. 284; Railroad v. Jackson, 85 Tex. 605.]

It may however be said of these decisions that they were, in part at least, based upon local statutory provisions, peculiarly so in the California cases above cited.

In the recent case of Edmonston v. Carter, 180 Mo. 515, decided by Division One of this court, this identical question arose. In that case the defendants interposed in their answer the same facts which had been pleaded in Roden v. Helm, in the circuit court of Audrain county, and in which case the judgment had gone for the plaintiff against that defense and the cause appealed to this court, and the plaintiff in his reply pleaded the former recovery in Roden v. Helm, setting out the pleadings and recovery at length. Judge VALLIANT, in the course of his opinion, says, "From this record it will be seen that the defendants in this ejectment suit set up for their defense the *same state of facts* that they set up in the Roden case, upon which facts the circuit court in that case passed its final judgment. *That judgment is valid and binding upon the parties as long as it remains* unreversed. It was not competent for the cir-

cuit court in this case to retry those issues, either of law or of fact." The fact that the Roden case was then pending in this Division on writ of error was called to the attention of Division One, in briefs and argument, so that its opinion should be read in the light of that fact.

In Ransom v. City of Pierre, reported in 41 C. C. A. 585, Judge THAYER reached the conclusion that the weight of authority as well as reason is that when a case is removed to an appellate court by a writ of error or an appeal and it is not to be tried there *de novo,* but it is to be determined by an examination of the record, and the judgment either reversed or affirmed or modified, such an appeal or writ of error does not vacate the judgment below or prevent it from being pleaded or given in evidence as an estoppel upon issues that were tried and determined, unless some local statute provides that it shall not be so used pending the appeal. The following cases fully support that view: Creighton v. Keith, 50 Neb. 810; Cloud v. Wiley, 29 Ark. 80; Moore v. Williams, 132 Ill. 589; People ex rel. v. Reckert, 159 Ill. 496; Bank v. Bank, 73 Hun (N. Y.) 78; Smith v. Schreiner, 86 Wis. 19; Parkhurst v. Berdell, 110 N. Y. 386; Burton v. Burton, 28 Ind. 342; Scheible v. Slagle, 89 Ind. 328; Faber v. Hovey, 117 Mass. 107; Young v. Brehe, 19 Nev. 379; Bank v. Calvit, 3 Smed. & Mar. 143.

In short, Freeman on Judgments states this is the settled doctrine and the cases holding otherwise are exceptional. "By any other rule judgments in the same controversy and appeals thereon may be numberless." [Freeman on Judgments, sec. 328; Thompson v. Griffin, 69 Tex. 139; Buchanan v. Railroad, 71 Ind. 265; Willard v. Ostrander, 51 Kan. 481.]

The question is not without its difficulties, from whatever standpoint we view it, but we are of opinion that under our laws, the judgment is a determination of the rights of the parties thereto until reversed or modified, and, indeed the great weight of authority is,

that a supersedeas has no other force or effect than to prevent the enforcement of the judgment and does not destroy its operation as a former adjudication. In this case we have no supersedeas, but a mere naked appeal, and hence *under either doctrine* the judgment in Gibbs v. Whitwell was an estoppel to reopening the issues found against defendants in this case who were plaintiffs in that, and the pendency of the appeal did not destroy the effect of that decree as an estoppel, and it follows the circuit court erred against the plaintiff in not according it that effect.

Unquestionably with us in Missouri on an appeal in an equity case we can examine the whole record and render a decree in this court, and the cause of Gibbs v. Whitwell was an equity suit, but on appeal or writ of error we do not try the case *de novo* in the meaning of the foregoing decisions. As plaintiff had pleaded the estoppel of the decree in this suit, as he had a right to do (9 Ency. Pl. and Prac:, 613, note 1, and cases cited), and the record fully sustaining it, the matter of the parol gift of the land by Mrs. Gibbs's father to her was *res judicata,* and the circuit court erred in holding otherwise, but as this is an equity case and the evidence is all in the record we can give it the proper effect in this appeal.

We have said the decree of the Cape Girardeau court of common pleas was a *conclusive estoppel* of the claim asserted by defendants of a parol executed gift of the land in suit by Mr. Whitwell to Mrs. Gibbs. This must be qualified by a *proviso* that said court had jurisdiction to hear and determine the cause wherein it rendered the decree in favor of Mr. Rodney against Mrs. Gibbs, because it is now asserted by counsel for Mrs. Gibbs that said common pleas court acquired *no jurisdiction* and its said decree is void.

We have read the decision in Gibbs v. Whitwell, 164 Mo. 387, and we find no claim made in that case that the common pleas court was without jurisdiction be-

.cause the statute creating it provided that changes of venue from circuit courts of other counties should be sent to the *circuit court* of Cape Girardeau county. The point is made in this case for the first time. The suit of Gibbs v. Whitwell originated in the circuit court of Stoddard county and was sent on change of venue to the Cape Girardeau court of common pleas by *consent of parties*. The plaintiff appeared in that court and went to trial without objection or exception on that ground, but if the case was one over the subject-matter of which the common pleas court had no jurisdiction by the act creating it, then the consent of parties could not confer it.

By the amendatory act of 1853 the common pleas court of Cape Girardeau county was given "concurrent original jurisdiction *in all civil actions at law with the circuit court.*" This court has construed this to include suits in equity as well as actions at law. [2 R. S. 1899, sec. 2, pp. 2579-80; Fulenwider v. Fulenwider, 53 Mo. 439; Roth v. Tiedeman, 53 Mo. 489; State ex rel. v. Ross, 122 Mo. 455; Oliver v. Snider, 176 Mo. 63.] But it is insisted that because it is provided by section 19 of the amendatory act of 1853 (Laws 1852, p. 82) that "all causes in which a change of venue shall be awarded by the circuit court of any other county, to the county of Cape Girardeau, shall be certified and transferred to the circuit court as heretofore," the order of the circuit court of Stoddard county awarding the change of venue in Gibbs v. Whitwell by consent of parties was void notwithstanding Mrs. Gibbs appeared in said common pleas court and submitted herself personally to its jurisdiction. The proposition is a grave one. That this action affecting as it did real estate in Stoddard county was properly brought in the first instance in said county can not be doubted. [R. S. 1899, sec. 564; Vogelsmeier v. Prendergast, 137 Mo. 271.] By the act of 1853 there can be no doubt that the common pleas court of Cape Girardeau had jurisdiction of the

*general class of* cases to which that action, to-wit, a suit
in equity, belonged, and conceding that the circuit court
of Stoddard county erroneously awarded a change of
venue to said court, still when the plaintiff, Mrs. Gibbs,
and all the other parties appeared in that court and
went to trial therein, submitting themselves to its juris-
diction without raising any question of its jurisdiction
over the subject-matter of the action, all of said parties
including Mrs. Gibbs must be held to have waived that
question and the decree of that court can not in this col-
lateral proceeding be held void.    This principle has
often been announced by this court.

In Chouteau v. Allen, 70 Mo. 353, this court re-
viewed the prior case of Ulrici v. Papin, 11 Mo. 42,
where the then existing statute required "suits in equity
concerning real estate or whereby the same may be af-
fected shall be brought in the county within which such
real estate or a greater part thereof is situate," and
by demurrer to the bill it was objected the suit was not
brought in the proper county, Judge Scott remarked:
"This objection, if tenable, should have been raised by
a plea to the jurisdiction."

It was said in Chouteau v. Allen, supra: "It is
not meant to convey the idea that the mere failure to
plead to the jurisdiction of the court would have the
effect to confer jurisdiction where none existed before;
for it is well settled that even consent of parties can
not confer jurisdiction. [Stone v. Corbett, 20 Mo. 350.]
But all circuit courts have a general jurisdiction over
the foreclosure of mortgages. . . . After a court,
which has general jurisdiction over a certain class of
causes, proceeds without objection to the hearing and
determination of a cause belonging to that class, it is
quite too late in this court to raise objections to the
irregular exercise of such jurisdiction; such objections,
even if originally valid, lose their force when waived
by pleadings to the merits."

Vol 184 mo—2

In Real Estate Co. v. Lindell, 133 Mo. l. c. 395, BURGESS, J., for this court said: "Mrs. Antisdel and husband were made parties defendants to that suit, the court was of general jurisdiction, proceeding according to the course of the common law; they filed their answer to the petition of plaintiff, and defended the suit, thereby submitting to the jurisdiction of the court, without raising any objection to its jurisdiction over the subject-matter of controversy, and must be held to have waived that question." [Citing Chouteau v. Allen, 70 Mo. 290.] It was also pointed out that the majority opinion in Fields v. Maloney, 78 Mo. 172, had been overruled in Stearns v. Railroad, 94 Mo. 317, and in Hughes v. McDivitt, 102 Mo. l. c. 84.

To the same effect are Ivy v. Yancey, 129 Mo. 506, and Baisley v. Baisley, 113 Mo. 544.

Of course if the act creating the Cape Girardeau court of common pleas had given it no jurisdiction in causes in equity, the appearance of the parties before it would not have conferred jurisdiction and its judgment would have been open to attack collaterally, but the law having conferred on it concurrent jurisdiction in all civil actions it had authority to determine this class of cases whether its jurisdiction over this particular case was regularly or irregularly acquired and the parties having voluntarily appeared before it and submitted to its jurisdiction its judgment was a finality until reversed or modified on appeal or writ of error, or set aside in a direct proceeding for fraud. [Hunt v. Hunt, 72 N. Y. 217; Spurlock v. Railroad, 104 Mo. 658; Hope v. Blair, 105 Mo. 85.]

The matters involved in defendants' equitable answer having been pleaded in the case of Gibbs v. Whitwell and Mrs. Gibbs having been fully heard on the merits of that defense and the common pleas court having determined that issue against her, the decree in that case was a conclusive estoppel as to the matters alleged in her answer in this case, and while the circuit court

erroneously excluded her evidence on the ground that she had another prior suit pending on that cause of action or defense still the record was introduced and is in the transcript before us and we can give it its proper effect, and so doing we hold it fully sustained the plea of *res adjudicata,* and the circuit court did right in not reopening that issue, although it improperly did so on the ground that another suit was pending.

As to the point that the judgment was void because all trials, proceedings, etc., concerning the estate of a deceased person must be in the probate court of the county where the letters testamentary or of administration are granted, it suffices to say that as the common pleas court obtained jurisdiction of the cause as a case in equity, it had all the powers of a court of chancery to do complete justice and give the relief it did by correcting the deed of trust and foreclosing it. The administrator of Mrs. Whitwell, the grantor in the deed of trust, was before the court to represent her estate.

Having given the case our most deliberate consideration we find no reversible error, and the judgment is therefore affirmed.

All concur.