Murrill *v.* Handy.

————◄●●►————

MURRILL, Respondent, *vs.* HANDY, Appellant.

1. Where a note, on its face, was for the sum of fifty-two 25-100 ———, *it was held* that, from the denominator in the fraction, the word " dollars" was necessarily implied.

*Appeal from Henry Circuit Court.*

*Ballou*, for appellant, contended that the note was void for uncertainty, and could not be explained by parol evidence. *Davis* v. *Davis*, 8 Mo. Rep. 58. 1 Phill. Ev. 538. 1 Chitty's Pl. 73, 80. 2 N. H. Rep. 160. 4 ib. 21. 5 Mo. 102.

*Gardenhire*, for respondent, contended that parol evidence was admissible to explain the note. *Allen* v. *Lyons*, 2 Wash. C. C. R. 475. *Brown* v. *Gilman*, 13 Mass. Rep. 161. *Boyd* v. *Brotherton*, 10 Cowen, 93. 11 Mo. Rep. 142.

GAMBLE, Judge, delivered the opinion of the court.

Murrill sued Handy and Barnett before a justice of the peace, on a note in these words : " On or before the 25th day of December next, we, or either of us, promise to pay Lemuel Murrill, the *sum of fifty-two* 25-100, for value received. March 15, 1850.　　　　CHARLES N. HANDY,
　　　　　　　　　　　　　J. B. BARNETT."

The case was taken by Handy to the Circuit Court by appeal after judgment rendered by the justice in favor of the plaintiff, and judgment being rendered against him by the Circuit Court, he brings the case here upon an appeal.

It is argued, that the Circuit Court erred in admitting evidence to show that the note was intended to be made for fifty-two 25-100 dollars, and that the word " dollars" was omitted by mistake. It is also argued, that the note is void for uncertainty.

1. If the words appearing on the note, enable us to determine with certainty, what word was omitted in writing the note, then the legal effect of the instrument is the same as if that word had been inserted. The defendant promised to pay " the sum," and from these words, according to their ordinary signification, it is obvious, that the promise was to pay money. The money to be paid was of a denomination of which 25-100 was a fraction. There is no denomination of money in use in our country, nor any now recollected as used in any other country, divisible into hundredths, as a regular fraction, except the dollar ; certainly, as the contract was made here, the fraction employed in this note, shows beyond doubt or question, that the word omitted was the word " dollars." In *Boothe* v. *Wallace*, 2 Root, 247, it was held, that a note being made for

"thirty-two, twelve shillings and five pence," the word " pounds" was necessarily implied, so that the note was held to be for thirty-two pounds twelve shillings and five pence. In *Grant* v. *Brotherton*, 7 Mo. Rep. 488, a similar question was decided. See also *McCoy* v. *Gilmore*, 7 Ohio Rep. 392.

As we hold that this note, upon its own face, is for fifty-two dollars and twenty-five cents, there was no use for the evidence offered to show that the parties intended it to be for that sum, and the defendant was not injured by its admission. The judgment, with the concurrence of the other judges, is affirmed.