———0———

CAROLINE I. FULENWIDER, *et al.*, Respondents, *vs.* JOHN P. FULENWIDER, Appellant.

1. *Cape Girardeau Court of Common Pleas, jurisdiction of—Equity.*—The Cape Girardeau Court of Common Pleas has jurisdiction of equitable actions. (Sess. Acts, 1853, p. 81.)

2. *Practice, civil—Pleadings—Abbreviations, use of—Money.*—The indication of Federal money by Arabic figures, preceded by the sign ($) to indicate dollars, and the cutting off of the last two figures by a dot to indicate cents, is permissible. (W. S., 420, § 15.)

*Appeal from Cape Girardeau Court of Common Pleas.*

*Lewis Brown and W. N. Nolle,* for Appellant.

I. The only way, in which the court below can rightfully obtain equity jurisdiction, is by a change of venue from the

Circuit Court (Sess. Acts 1853, p. 81, § 1; 82, §§ 5, 6); for courts of limited and inferior jurisdiction, and local courts, must keep within the prescribed powers of their creation. (Schell vs. Leland, 45 Mo., 289; State vs. Metzger, 26 Mo., 65.)

"The distinction between law and equity has not been abolished by the new code." (Meyers vs. Field, 37 Mo., 441.)

Hence, the court below erroneously exercised a jurisdiction which was not given to it by the act of the legislature creating it.

II. The petition nowhere states any amount of money for which plaintiffs bring suit. The terms "dollar, dollars, cent or cents," are not found in the petition or replication of plaintiffs. For some purpose unknown to the law a character ($) is made.

This character is not a word, part of a word, or an abbreviation of any word in the English language—true, we may know that it is extensively used to represent a value, or to fix a value; but this does not comply with the requisitions of the statutes. (W. S., 420, § 15; Goodall vs. Harrison, 2 Mo., 153.)

*Louis Houck*, for Respondents.

I. The Court of Common Pleas of Cape Girardeau county had jurisdiction of the cause. (Sess. Acts 1853, 81, *et seq.*)

The distinction between courts of law and equity has been abolished. The same court administers both legal and equitable relief in all civil actions as the case may require. (W. S., 999, § 1.)

II. The appellant now endeavors to escape the judgment, because the words "dollar or dollars, and cent or cents," do not occur in the petition, but only the abbreviation "$." To this we reply:

(*a.*) The petition contains a prayer for general relief; the petition plainly states a case for relief.

(*b.*) The statute provides, that abbreviations "now commonly used in the English language may be used." The abbreviation for the word "dollars" is "$" wherever the English language is spoken.

Fulenwider, et al. v. Fulenwider.

(*c.*) The word "dollar" written out in full, occurs in the replication.

(*d.*) The objection ought to have been made before verdict. (Saulsbury vs. Alexander, 50 Mo., 142; Jones vs. Louderman, 39 Mo., 287; Richardson vs. Farmer, 36 Mo., 35; Shaler vs. Van Wormer, 33 Mo., 386.)

III. The case of Goodall vs. Harrison, 2 Mo., 153 may be cited, but that case was a case at law, and was decided before our present liberal statute, in regard to mere technical defects had been enacted.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in equity charging, that the plaintiffs are husband and wife, and that the defendant had received certain large sums of money, which belonged to the wife for her sole and separate use, and that the defendant had appropriated them to his own use. The petition prays, that he be compelled to account for the money, and that a trustee be appointed to receive it for the wife, and make investments for her, for her sole and separate use.

The sums of money referred to in the petition are set out in Arabic figures, and the words dollars and cents are not written in full, but the dollar mark or abbreviation, thus ($), is used for dollars, and a dot cutting off two figures for cents.

The defendant by his answer denied all the material allegations of the petition, and in his answer used the same kind of figures and abbreviations the plaintiffs had' to indicate dollars and cents.

The court found the issues for the plaintiff, and rendered final judgment as prayed for by the petition.

The defendant moved in arrest of judgment, alleging two grounds: First—That the court had no jurisdiction, this being an equitable proceeding; and Secondly—That the petition was bad, because the words dollars and cents were not written out in full.

The court overruled this motion, and the defendant has brought the case here by appeal.

The Common Pleas Court of Cape Girardeau County was

created by act of the Legislature in 1851, and this act was amended in 1853, extending the jurisdiction of the court throughout the county.

The sections conferring jurisdiction by the first act were repealed by the last act, and so we need only look to the last act to ascertain what jurisdiction was conferred on that court. (Sess. Acts, 1853, p. 81.)

By the first section it is provided, that the court shall have concurrent jurisdiction with the Circuit Court in Cape Girardeau county in all " civil actions at law." The same section provides, that this court shall have concurrent original jurisdiction with the justices of the peace in the township and city in all criminal cases. ·

At the time this act was passed, our code of civil practice was in full force as enacted in 1849. By this code the distinction between actions at common law and suits in equity was abolished, and it was declared, that only one form of action should exist in this State, to be denominated a " civil action." (Sess. Acts 1849, 73.)

Although the line of demarcation between cases in equity and cases at law still exists, there is but one form of action for all remedies. Therefore, when the Legislature used the phrase " civil action at law " in the above named act, it was to denote that no concurrent criminal jurisdiction with the Circuit Court was intended to be conferred.

There seems to be no good reason why this court should not have chancery as well as common law jurisdiction, and indeed such jurisdiction is expressly given by section six in regard to cases taken to that court by change of venue from the Circuit Court. If it was proper to confer it in these cases, why not in all cases? This court has been in existence for more than twenty years, and no such point as this has ever been raised that I am aware of. In my judgment the court had jurisdiction of the case.

The second point seems to be the merest technicality. If there was an error at all, it was cured by the statute of amendments, and could not be raised on a motion in arrest.

The marks for dollars and cents are evidently among the abbreviations embraced in section 15, W. S., 420, which are allowed to be used in records.

By our practice act it is provided, that it shall not be necessary for a party to set forth in pleadings the items of an account, but he may attach to his pleading, referring to it therein, a copy of the account, which shall be a part of the record.

In stating accounts, it has always been the practice to use Arabic figures and the dollar and cent abbreviations or marks to denote Federal money. It is known in all countries where our money circulates what these marks indicate, and it would be strange if the courts of our own country should be ignorant of their meaning.

The case of Goodall vs. Harrison, 2 Mo., 153, was determined long before our code of practice was enacted, and arose under the old common law pleadings, when substance was frequently sacrificed to form and technicalities.

It has no application to our present code of practice. The error in that case was using figures, instead of written words, to indicate the amount of damages claimed. Even under the old systems of pleading in courts of chancery, such a technicality would have been disregarded. In Murrill vs. Handy, 17 Mo., 406, this court held, that where the word "dollars" was entirely omitted in a note calling for "the sum of fifty-two 25-100," it would be necessarily implied by the use of the cent fraction 25-100, as there was no other denomination of money in use divisable into hundredths, except the dollar. (Grant vs. Brotherton, 7 Mo. 458.)

Judgment affirmed. The other Judges concur.