———o———

CASPAR ROTH, *et al.*, Appellants, *vs.* DIEDERICK F. TIEDEMAN, *et al.*, Respondents.

1. *Cape Girardeau Court of Common Pleas—Jurisdiction—Mechanics' liens—Statute, construction of.*—The Cape Girardeau Court of Common Pleas has jurisdiction of actions for the enforcement of mechanics' liens. [Sess. Acts 1853, p. 81, § 1.]

*Appeal from Cape Girardeau Court of Common Pleas.*

*Lewis Brown,* for Appellants.

I. The Cape Girardeau Court of Common Pleas has jurisdiction of actions seeking to enforce mechanics' liens. (Sess. Acts 1853, p. 81, § 1; W. S., 999, § 1.)

II. The cases of Schell vs. Leland, 45 Mo., 289, and Gaty vs. Brown, 11 Mo., 139, cited by defendants, do not apply, for the jurisdiction of the courts referred to was expressly limited.

*Louis Houck,* for Respondents.

I. The act, creating the Court of Common Pleas of Cape Girardeau county, does not confer jurisdiction on the court to enforce mechanics' liens. (Sess. Acts 1853, p. 81.)

II. The act organizing the court being silent on the matter, it is necessary to bring suit to enforce a lien in the Circuit Court. (W. S. 907, § 5, *et seq.;* Gaty vs. Brown, 11 Mo., 139; Schell vs. Leland, 45 Mo., 289.)

SHERWOOD, Judge, delivered the opinion of the court.

This was an action brought by Caspar Roth and others, in the Cape Girardeau Court of Common Pleas against Diederick F. Tiedeman and the Board of Education of the City of Cape Girardeau, to enforce a mechanic's lien against certain property in that city.

The court dismissed the case on the ground, that it had no jurisdiction for the enforcement of such liens, and this is the only question presented by the record.

Section 1, of the supplementary act of 1853, relating to that court provides, that it shall have "concurrent original jurisdiction in all civil actions at law with the Circuit Court."

This language is very comprehensive, and is sufficiently broad to embrace suits for the enforcement of liens of the kind above mentioned, although not specifically named.

But we are cited by respondents to the case of Gaty vs. Brown, 11 Mo., 139, as showing that the same words, when used by the statute defining the jurisdiction of the St. Louis Court of Common Pleas, have received a widely different construction by this court.

An examination of that case, however, will clearly show, that that decision was based not on those words alone, but also upon the effect to be given to the statute concerning mechanics' liens in the city and county of St. Louis, and to § 22, p. 699 of the Revised Statutes of 1845, which continued in force all acts and parts of acts specially applicable to that city and county.

For Judge Scott, in delivering the opinion of the court in Gaty vs. Brown, *supra,* says:

"If this question depended upon the general law relative to the liens of mechanics, there would scarcely be a doubt of the jurisdiction of that court, as by the law of its organization, it has concurrent original jurisdiction in all civil actions at law with the Circuit Court:". And then proceeds to show the modification as to that jurisdiction effected by the statute above referred to.

Respondents also cite us to Schell vs. Leland, 45 Mo., 289, in support of the views which they urge. But in that case, there is nothing passed upon by this court having the remotest bearing on the point in hand.

It is only asserted in the conclusion of that opinion, that the Kansas City Court of Common Pleas had jurisdiction to enforce mechanics' liens only in Kaw Township, and that a petition filed in that court was fatally defective in not alleging that the property, as to which such a lien was attempted to be enforced, was situate in that township.

It is difficult to perceive how the legislature could have employed more plain and unambiguous language as to the jurisdiction intended to be conferred, than in the act now under consideration. By the very terms of that act, the jurisdiction of the Cape Girardeau Court of Common Pleas is made coextensive with the Circuit Court *in all* civil actions. To hold that this sweeping clause does not include actions for the enforcement of mechanics' liens, would be to rob words of their manifest meaning.

The judgment is reversed, and the cause remanded. The other Judges concur.