## THE JESSE FRENCH PIANO & ORGAN COMPANY, Respondent, v. MRS. NORA WALLACE, Appellant.

### Kansas City Court of Appeals, April 30, 1900.

1. **Trial Practice:** CONFLICTING EVIDENCE: JURY QUESTION. Where there is conflicting evidence as to an alleged fact the jury must determine the question.

2. **Sales:** WARRANTED: DELIVERY. A contract of sale of a piano provided for the delivery of a written warranty with the instrument. Held: the mere failure without more, to have it present when the piano was delivered would not authorize a refusal to accept.

3. ———: QUALITY OF ARTICLE DELIVERED: INSTRUCTIONS. Where the contract for the purchase of a piano called for style J. and the instrument furnished was known as style E, an instruction requiring the jury, before they could find for plaintiff, to find the two styles represented the same piano, should have been given.

4. ———: CONTRACT: FILLING BLANK: NUMBER SIGNED:
CASES CONSIDERED. A contract for the sale of a piano filled
the price blank thus: "(#295)—dollars." Held: a failure to show a
price; and the petition should aver that the signs and figures inserted
in the blank were intended to represent the purchase price in dollars
and the evidence should support the averment.

5. Witnesses: HUSBAND AND WIFE: AGENCY.. A husband can
only testify for his wife where he acts as her agent and then only
within the scope of such agency.

Appeal from the Howard Circuit Court.—*Hon. J. A. Hockaday,* Judge.

REVERSED AND REMANDED.

*Sam. C. Major* for appellant.

(1) Defendant earnestly contends that there is no sub-
stantial evidence on which the jury could base their verdict.
The order given by defendant called for a style "J" piano and
the evidence is uncontradicted that the piano delivered to the
defendant was a style "E Mahogany." (2) The order in
this case was for a piano, to be warranted as per catalogue.
The catalogue provided that the piano was to be warranted
by written warranty for a period of five years. To consti-
tute a contract a proposal must within a reasonable time be
accepted as made; the acceptance must comprehend the entire
proposal without qualification of its terms or subject-matter.
The acceptance must be absolute and identical with the terms
of the offer. Anson on Con. [2 Am. Ed.], p. 23, sec. 3, and
authorities there cited; Cangas v. Mfg. Co., 37 Mo. App. 297;
James & Sons v. Jar & Bottle Co., 69 Mo. App. 207; Lancas-
ter v. Elliott, 28 Mo. App. 95-96; Whedon v. Ames, 28 Mo.
App. 248; Eads v. Carondelet, 42 Mo. 113; Bruner v. Whea-
ton, 46 Mo. 366; Lungstrass v. Ins. Co., 48 Mo. 204; Strange
v. Crowley, 91 Mo. 287, 295; Taylor v. Von Schrader, 107
Mo. 206, 225; Benjamin on Sales, Am. Note, p. 70, secs.
38-75, and authorities there cited; 21 Am. and Eng. Ency. of

Law [1 Ed.], p. 456, and authorities there cited. (3) Unless the shipping of a piano without a warranty, would be an acceptance of an order for a piano with a warranty the defendant had a right to revoke the order at any time before the warranty was tendered. Offer can be revoked before acceptance, and a proposer may withdraw his offer at any time before it is accepted. Benjamin on Sales (1888), p. 46, sec. 41, and cases there cited; Benjamin on Sales (1888), p. 47, sec. 42, and cases there cited; Anson on Con. [2 Am. Ed.], p. 25, sec. 4, ch. 1; Anson on Con. [2 Am. Ed.], p. 31, sec. 6, ch. 1; 21 Am. and Eng. Ency. of Law [1 Ed.], pp. 451, 452, and cases there cited; Cooke v. Oxley, 3 T. R. 653. (4) The plaintiffs in the trial of the case contended that the shipment of a style "E" piano would fulfill an order for a style "J" and were the same piano. Unless it did the plaintiff ought not to have recovered. Yet the court refused defendant's instruction number 4, submitting that very issue to the jury. That it was error and prejudicial to the defendant's rights admits of no argument. (5) The defendant contends that the evidence of plaintiff's witness, A. N. Wray, the agent who took the order, shows J. C. Wallace to have acted as the agent of his wife, the defendant, and he should have been permitted to testify in the cause as to anything that was said or done by the agent of the company while he was so acting. (6) There was no evidence before the court as to the price of the piano, and it was error to instruct the jury that if they found for the plaintiff they should find in the sum of $295. There was no evidence before the jury on which to base a verdict of $295.

*R. M. Bagby* for respondent.

(1) That there is no difference between a style "J" and a style "E mahogany" is clearly and conclusively shown by the testimony. (2) Defendant contends that the written warranty was not delivered or even tendered until after

the order for the piano had been revoked. Plaintiff insists that it had unconditionally accepted the order and that defendant could not revoke it. To bind defendant it was not necessary that the warranty accompany the piano. A proposal to enter into a contract may be recalled at any time before it is unconditionally accepted, but not afterward. Lapsley v. Howard, 119 Mo. 489; Lungstrass v. Ins. Co., 48 Mo. 201; Allen v. Chouteau, 102 Mo. 309; 1 Parson on Con. 450-452, pp. 472, 473. (3) Plaintiff's instructions numbers 1 and 2 are not erroneous. The completion of a contract is always a question of fact for the jury. 1 Parsons on Con., 528, p. 557; Brandon v. Dawson, 63 Mo. App. 359; Alberger v. White, 117 Mo. 347; Burbridge v. Railroad, 36 Mo. App. 669. (4) The court did not err in refusing defendant's fourth instruction. (5) Plaintiff insists that the evidence of A. N. Wray is not competent to qualify J. C. Wallace as a witness for his wife in this case, and that there was no evidence whatever tending to prove J. C. Wallace as the agent of defendant in the purchase and sale of the piano. The court did not err in excluding his testimony. (6) There is no uncertainty as to the meaning of the character # as used in the order. Defendant clearly intended to be bound in the sum of $295 and it is equally clear that plaintiff intended #295 to mean $295. The minds of the contracting parties were brought together, in that #295 means $295 as used in the contract. It is for the court to collect from the terms or language of the instrument, the manner and extent which the parties intended to be bound. Johnson County v. Wood, 84 Mo. 489; 2 Parsons on Con. 504, 505, p. 651; Belch v. Miller, 32 Mo. App. 387; Bruner v. Wheater, 46 Mo. 363; 2 Parsons on Con., pp. 500, 646.

ELLISON, J.—This action is on a contract for the purchase price of a piano. The judgment was for plaintiff in the trial court.

By the terms of the contract the delivery of the piano was to be accompanied by a written warranty. There was evidence tending to show that the instrument delivered was not the one called for by the contract and that defendant rejected it. On the other hand, there was evidence tending to show that it was the piano named in the writing. The jury must determine the question.

The piano was delivered, but the party making the delivery did not have the warranty with him. Defendant now contends that she had a right to reject the piano and annul the contract on account of the absence of the warranty right at that time. If plaintiff's agent making the delivery had refused or disclaimed a warranty, defendant's position would be well taken. But if plaintiff was all the time willing to furnish it and intending to do so, and simply did not have it at the moment of delivery, such default would not justify defendant in annulling the contract and refusing the piano. The warranty was immediately afterwards procured.

We think, the evidence considered, there is no valid objection to instructions given for plaintiff.

The contract called for a piano of "style J." There was some evidence, including the numbers on the piano and the box, that the one furnished was a different piano known as "style E." Then plaintiff offered evidence tending to show that in point of fact they were one and the same piano. We think, therefore, defendant's instruction number 4, requiring the jury to find the two styles represented the same piano, before they could find for plaintiff, should have been given. In that case plaintiff would be entitled to an instruction based on the hypothesis that "style J" referred to the kind of wood used for the case, and that "style E" referred to the interior make-up of the instrument, or, as some of the witnesses termed it, "the piano itself." It ought not to be difficult to frame two instructions, one for each party, on these contentions, as they are brought out in the evidence.

We have concluded that defendant's objection to the contract is well taken. It was a contract made by filling out a printed blank. In it was a blank space for price, at the end of which was written the word "dollars," thus: —— Dollars. There was nothing written in such space but figures and characters were inserted in parenthesis in the space so that it appeared in the contract thus: (#295) —— Dollars. Defendant insists that this does not show a price, that the character represents a number and has no reference to dollars. If the character was a dollar mark it could be taken to be two hundred and ninety-five dollars. So if it was merely the figures, "295," this could be connected with the word "dollars" to the right of the blank space. But being figures in parenthesis, following a sign of numbers, it can not be said, absolutely, to represent a price expressed in dollars. It has the appearance of negativing the idea of money. The better pleading would be to refer to this in the petition and to state that in so writing the contract, the signs and figures aforesaid were meant and intended to represent the purchase price in dollars. And the evidence should tend to support this allegation.

In Bigelow v. Sorrell, 142 Mass. 442, the following written order: "Please send us pice of counter screen like draft," was held to be unmeaning and unintelligible and presented a case of "incurable uncertainty," and that the trial court properly refused to submit to the jury whether the letters "pice" meant "piece" or "price." We do not go so far in this case since, as we have stated, we think the order here, while not so certain as to justify the assumption, as a matter of law, that it meant to state a price, was yet sufficient to submit to the jury whether it named a price or left it blank; in which case a reasonable price for such character of property would be intended. As we have already stated, if the blank had been filled with figures with a dollar mark prefixed, it would have been sufficient, as it is not necessary that the price

should be written out in language. The sign of a dollar is held with us to be sufficient in pleading, though formerly it was not so. Fulenweider v. Fulenweider, 53 Mo. 439.

At first reading it may be thought that our conclusion is not in harmony with Murrill v. Handy, 17 Mo. 406, and Grant v. Brotherton, 7 Mo. 458. In the former, the word "dollars" was omitted from a note and in the latter from a bond. But in each, there being nothing in any degree to the contrary, that word appeared, necessarily, to be meant to an intent certain. But in this case we have a sign of numbers, together with the parenthesis and the blank space, tending, in greater or less degree, to negative an intent to name a price.

Unless it appears that defendant's husband acted as her agent in the transaction, his testimony is not admissible. If her agent as to any part of the transaction, he could testify as to that part.

The judgment is reversed and the cause remanded. *Smith, P. J.,* concurs; *Gill, J.,* absent.