OLIVER v. SNIDER, Judge, et al.

In Banc, June 15, 1903.

1. Common Pleas Court: POWER TO ISSUE INJUNCTIONS: BY JUDGE IN VACATION. The Cape Girardeau Court of Common Pleas has equitable jusisdiction, and as incident thereto the power to issue writs of injunction, and to try injunction suits and to enforce its decrees in such cases. But the judge of said court does not have power to issue a temporary injunction in vacation returnable to his own court. All injunction writs issued by him in vacation are returnable to the circuit court.

2. ———: ———: ———: PROHIBITION. A judge of the Cape Girardeau Court of Common Pleas exceeds his jurisdiction in issuing a writ of injunction in vacation returnable to his own court, and the Supreme Court will prohibit him by its writ of prohibition from proceeding to hear and determine the rights of the parties to such injunction suit.

Prohibition.

RULE MADE ABSOLUTE.

*Wilson Cramer* and *R. B. Oliver* for plaintiff.

The contention of plaintiff is, that the judge of the Cape Girardeau Court of Common Pleas has no authority to issue a writ of injunction, in vacation, returnable to the Cape Girardeau Court of Common Pleas; that the writ issued by the judge of the court of common pleas in this instance was issued without the authority of law, and that the court of common pleas has no jurisdiction to hear and determine the same. R. S. 1899, sec. 3629; Laws 1853, pp. 75, 79, 80, 82, 88; R. S. 1899, p. 2583, sec. 30; State ex rel. v. Kline, 116 Mo. 259, 135 Mo. 230. (2) With the exception of the allegation that the Cape Girardeau Court of Common Pleas was without jurisdiction, neither of the defendants have denied any other allegation in plaintiff's petition. The facts in his petition, therefore, stand ad-

mitted, both under the statute and the rulings of this court. R. S. 1899, secs. 604, 4452; Railroad v. Wear, 135 Mo. 266.

*L. F. Parker* and *Frank E. Burrough* for defendants.

The common pleas court, having concurrent jurisdiction with the circuit court in all civil actions at law, has concurrent jurisdiction in all equitable actions. The practice, process and proceedings in the common pleas court shall be the same as in the circuit court, and the common pleas judge shall have like powers in relation to suits, process and proceedings as a circuit judge has in like cases. Under these general powers it is clear that a bill in equity, the whole purpose of which is to obtain an injunction, can be heard by the common pleas court, and if the court can hear and determine an injunction suit, it follows clearly that the judge in vacation would have the like powers to issue a temporary writ as a circuit judge has in like cases, for the reason that under the old English practice, if any court had power to hear and determine an injunction suit in term time, then the judge thereof had the power to issue a temporary writ in vacation. Any other position would resolve itself into an absurdity, for the reason that a defendant in a proposed injunction suit could accomplish his purpose unless restrained by a temporary writ before the hearing of the suit in term time; and unless the judge in vacation could issue the temporary writ, the determination of the suit in term time would be unavailing.

GANTT, J.—This is an original proceeding in this court to obtain a writ of prohibition against the defendant, Judge John A. Snider, the judge of the Cape Girardeau Court of Common Pleas, and the St. Louis, Memphis & Southeastern Railroad Company, from further proceeding and asserting jurisdiction to hear

and determine a certain suit by the said railway company against the plaintiff, John F. Oliver, wherein a temporary writ of injunction was issued by Judge Snider in vacation of his said court, restraining the plaintiff Oliver from entering upon the right of way of said railway company, and cutting down some of the telegraph poles and from obstructing and preventing said railway company from grading its road and from interfering with its subcontractors, agents and servants in carrying on its work of constructing its railroad over certain lands which it alleged it had duly condemned and appropriated for a right of way.

The petition alleges that the plaintiff is the owner of and for a long time has been in the peaceable possession of the following real estate in the county of Cape Girardeau, to-wit, the northwest fractional quarter of section 28, the northeast fractional quarter of section 29, and the southeast fractional quarter of section 20, in township 33, range 14. That on the 23d day of January, 1902, the said railway company, a railroad company duly organized under the laws of this State and engaged in the construction of a railroad in and through said county, presented to the said Snider, as judge aforesaid of said common pleas court, its petition for the condemnation of a certain portion of said real estate. The said petition for condemnation is then set out at length wherein in brief it was alleged that the said company needed and sought to condemn for its said railroad certain strips of land one hundred feet in width in a general northerly direction and specifically describing the lands and the names of the several owners and among others one hundred feet in a general northerly and southerly direction over and through and upon the northwest fractional quarter of section 28, the northwest fractional quarter of section 29, and the southeast fractional quarter of section 20, in township 33, range 14, and that the same was owned by J. Frank

Vol 176 mo—5

Oliver, upon which the county of Cape Girardeau held a mortgage for $985; that the said one hundred feet in width in each of the parcels of ground specified was fifty feet on each side of the center line of said railroad *as the same was then located on the ground by stakes driven in the ground along said centre line,* and as indicated on a plat thereof therewith filed and made a part of said petition, and that the owners of said parcels and said company could not agree upon the proper compensation to be paid for said strips or any interest therein which it sought to acquire, or the damages to the remainder of the tracts by reason of such acquisition, and prayed for the appointment of commissioners to ascertain the damages which said owners might sustain as a just compensation; that thereupon it was ordered that a hearing of said petition be had before said judge on 14th day of February, 1902, at the courthouse in Cape Girardeau, and that plaintiff was duly summoned to appear on that day at said place; that upon the hearing the matter of the appointment of commissioners was taken under advisement until February 20, 1902, at which time certain commissioners were appointed to assess said damages and directed to view and assess the same and make return thereof and afterwards qualified and undertook to discharge their duties as such and file their report in the office of the clerk of said court.

And plaintiff states that after the appointment of said commissioners the said railroad company abandoned its line of railroad across plaintiff's lands as set out and described in its said petition for condemnation and has surveyed and located an entirely different line instead thereof and has wrongfully and without authority of law undertaken to occupy and take possession, for the purposes of its railroad, of an entirely other and different strip of plaintiff's lands than that described in its petition for condemnation aforesaid; that plaintiff being in the lawful possession of said land undertook by lawful means to protect his property from the unlaw-

ful acts and encroachments of said railroad company;
that on 23d day of December, 1902, said railroad com-
pany for the purpose of harassing, annoying and in-
timidating this plaintiff and of taking and obtaining
possession of his said property wrongfully and without
due process of law filed in the office of the clerk of the
Cape Girardeau Court of Common Pleas its petition for
injunction against plaintiff as follows, omitting formal
parts:

"The petitioner herein, the St. Louis, Memphis
and Southeastern Railroad Company, respectfully pre
sents that it is a corporation duly incorporated under
the laws of the State of Missouri, and has full power
and authority to construct, operate and maintain a rail-
road and incidentals thereto, from the city of St. Louis,
through the city of Cape Girardeau, in the State of Mis-
souri, to the town of Luxora, in the State of Arkansas.
That it has begun the construction of its railroad, and
has nearly completed the entire grading of the same, ex-
cepting some few small places.    That it owns a right of
way one hundred feet wide through the lands of the de-
fendant, John Frank Oliver, being the northwest frac-
tional quarter of section 28, and the northeast fractional
quarter of section 29, and the southeast fractional quarter
of section 20, township 33, range 14, in Cape Girardeau
county, Missouri.  An accurate description of said right
of way is indicated on the plat of same, herewith filed
and made a part thereof, the center line of which one
hundred feet crosses the north line of said Oliver's
property at a point 1,992.5 feet from the northeast cor-
ner of the lands of D. Moore, and the southeast corner
of the lands of S. A. Moss, or George Peterson, and
crosses the southerly line of said Oliver's property at
a point 1,338.5 feet easterly from the quarter section
corner common to section 28 and 29, in said township
33, range 14, in said county.

"That petitioner has completed grading along part
of said right of way above described, and is now seek-

ing to complete the grading of the road along the balance of said right of way, to lay track thereon, and telegraph poles, and string its wire for its use. That the petitioner has also placed upon said right of way telegraph poles of the usual dimensions, for the purpose of stringing its wires to be used in operation of its trains. That the defendant, John Frank Oliver, wrongfully and without cause and without right, has entered upon said right of way and has cut down some of the telegraph poles, and thrown them in the river and has with force and arms obstructed and prevented the petitioner, by its contractors, agents and servants, from further grading upon part of the right of way aforesaid, and from further erecting poles and stringing wires thereon. That said Oliver has threatened with force and arms to shoot and kill the petitioner's subcontractors, agents, and servants. That the petitioner has no adequate remedy at law, and therefore prays that the defendant, John Frank Oliver, his agents, servants, and attorneys, be enjoined and restrained from cutting down the telegraph poles of the plaintiff, and from forcibly obstructing the petitioner in the construction of its grading, track-laying, pole-setting, wire-stringing, and the completion of its railroad and appurtenances on the right of way described.

"Petitioner prays that a temporary writ of injunction be issued as above returnable to the next term of court, and restrain the defendant, as above prayed, until the further finding of the court, as in duty bound, the petitioner will ever pray."

That subsequently, on the 31st day of December, 1902, the said railroad company presented its said petition for injunction to defendant John A. Snider, as judge of the Cape Girardeau Court of Common Pleas, in vacation, who thereupon, without the authority of law, issued a temporary writ of injunction against this plaintiff and made the same returnable to the Cape Girardeau Court of Common Pleas.

Upon the presentation of this petition, a prelimi-·nary rule was made by this court on the 29th day of January, 1903, and was served on Judge Snider and the said railway company on the 2nd of February, 1903. Thereafter on the 7th day of February, 1903, Judge Snider made his return as follows:

"Comes now the respondent, John A. Snider, and for his return to the writ of prohibition issued in this case, respectfully says:

"That he is now, and was at the time mentioned in the said writ and in the petition for said writ, the duly acting and qualified judge of the Cape Girardeau Court of Common Pleas. That all the various proceedings set out in the petition for the writ herein occurred as is therein pleaded.

"He avers that as to the identity of description in the condemnation proceedings and the injunction proceedings he has no information sufficient to form a belief except from the face of the pleadings themselves, and that he believes the lands described to be identical. He further avers that after the filing of the commissioner's report in the condemnation suit, relator accepted the award made by the commissioners, being the sum of $2,500. That the petitioner for injunction, the St. Louis, Memphis & Southeastern Railroad Compan, filed the petition in the Cape Girardeau Court of Common Pleas some time in December; that petitioner gave due notice to the defendant therein, John F. Oliver, that it would apply to said judge for a temporary injunction, and that at the hearing of the said temporary writ of injunction the defendant therein, John F. Oliver, was present in person and by counsel. That petitioner for said injunction made and executed a good and sufficient bond, both as to amount and security, indemnifying John F. Oliver against all damages which might accrue by reason of the issuance of said temporary injunction, and that said judge issued said injunction, as he was authorized by law so to do.

"And respondent further says that it is not true that the judge of the Cape Girardeau Court of Common Pleas has no power to issue writs of injunction returnable to the common pleas court; and it is not true that the law expressly requires said judge to make all such writs returnable to the circuit court of said county. That it is not true that the Cape Girardeau Court of Common Pleas has no jurisdiction to hear and determine writs of injunction; that it is not true that all petitions for injunctions in the county of Cape Girardeau must be filed in the office of the circuit court of said county. But, on the contrary, respondent says that the Cape Girardeau Court of Common Pleas has full power, authority and jurisdiction to entertain all proceedings for injunction; and that the judge of the said court has full power and authority to issue a temporary writ of injunction returnable to said Cape Girardeau Court of Common Pleas; and for his authority for such belief, respondent says: That the Cape Girardeau Court of Common Pleas was established by an act of the Legislature passed in the year 1851, and that its power was supplemented by various acts since passed, all of which are collated in the appendix to the Revised Statutes of 1899, at page 2579 and following. That among other things, the charter of said court provides in section 2 thereof as follows: 'The said court of common pleas shall have power and jurisdiction within the said city, county and township of Cape Girardeau as follows: first, concurrent original jurisdiction in all civil actions at law with the circuit court of said county.' Section 18 of the charter of said court provides: 'The circuit court and court of common pleas shall have jurisdiction to hear and determine all civil cases in law and in equity which shall be transferred to them respectively.' That section 23 of the charter of said court provides: 'The practice, process and proceedings in said court of common pleas shall be the same in all respects as is or may be provi-

ded by law for the government of the circuit court and county court respectively, except as herein otherwise specially provided.' That section 30 of the charter of the said court provides, among other things: 'The judge of said court shall have like powers in relation to suits, process and proceedings in said court of common pleas as a circuit judge by law has in like cases in the circuit court: he may grant writs of *ne exeat* and injunctions, returnable to the circuit court.'

"That in addition to the powers and jurisdiction conferred by the foregoing sections, section 4161 of the Revised Statutes of 1899 provides: 'Whenever the term "circuit court" is used in any law general to the whole State, the same shall be construed to include "courts of common pleas," unless such construction would be inconsistent with the evident intent of such law, or of some law specially applicable to courts of common pleas.'

"Respondent avers and believes that the clause in the charter giving the judge in said court power to issue a temporary writ returnable to the circuit court is not a limitation upon his general jurisdiction in all civil cases, but is additional power.

"Respondent says that he is willing now and at all times to obey whatever orders this honorable court may see proper to make in the premises; and avers that he issued the writ of injunction, as he believed he had a right to do, relying upon the authorities aforesaid; and having fully made return respectfully prays to be hereof discharged."

The return of the company is to the same effect.

To which returns plaintiff on March 4, 1903, filed his replies, denying the new matter.

## I.

Prohibition is asked in this case on the ground that the judge of the Cape Girardeau Court of Common Pleas exceeded his jurisdiction in granting a temporary

writ of injunction returnable to said court of common
pleas.   With the sufficiency or insufficiency of the ap-
plication for injunction we have nothing to do at this
time.   The point for determination is the power of the
judge of that court in vacation to issue a temporary
writ returnable to his own court.   This must depend
upon the statutory power conferred upon the judge of
that court by the General Assembly.

The said common pleas court was established by
an act of the Legislature, approved February 22, 1851.
Among other powers it was given "concurrent original
jurisdiction in all *civil actions* at law, with the circuit
court."

From time to time, amendatory acts have since
been passed extending and defining its jurisdiction.
[Laws of 1853, pp. 80 and 81.]   By section 30 of the
act of 1853, page 82, "the judge of said court shall
be a conservator of the peace throughout the county,
and shall have like powers in relation to suits, process
and proceedings in the said court of common pleas as
a circuit judge by law has in like cases in the circuit
court; he may grant writs of *ne exeat and injunctions,
returnable to the circuit court,* take and certify the
proof and acknowledgment of deeds, conveyances and
other instruments of writing; administer oaths, issue
writs of habeas corpus, and hear and determine the
same, in the same manner as a judge of a circuit
court."   [R. S. 1899, p. 2583.]

In Fulenwider v. Fulenwider, 53 Mo. 439, the juris-
diction of said court in causes in equity was challenged,
but this court said:   "At the time this act was passed,
our code of civil practice was in full force as enacted
in 1849.   By this code the distinction between actions
at common law and suits in equity was abolished, and
it was declared, that only one form of action should
exist in this State, to be denominated a 'civil action.'
Although the line of demarcation between cases in
equity and cases at law still exist, there is but one

form of action for all remedies. Therefore, when the Legislature used the phrase 'civil action at law' in the above named act, it was to denote that no concurrent criminal jurisdiction with the circuit court was intended to be conferred." Accordingly it was held said court had concurrent jurisdiction over causes in equity with the circuit court.

Afterwards, in Roth v. Tiedeman, 53 Mo. 489, the jurisdiction of said court to enforce mechanic's liens was denied, and this court overruling that contention, through SHERWOOD, J., said: "It is difficult to perceive how the Legislature could have employed more plain and unambiguous language as to the jurisdiction intended to be conferred, than in the act now under consideration. By the very terms of the act, the jurisdiction of the Cape Girardeau Court of Common Pleas is made coextensive with the circuit court *in all* civil actions. To hold that this sweeping clause does not include actions for the enforcement of mechanics' liens, would be to rob the words of their manifest meaning."

More recently in State ex rel. v. Ross, 122 Mo. 455, this court, while differing as to other propositions involved in that case, all agreed that said court had jurisdiction to appoint a receiver on a bill in equity. Judge BRACE, voicing the opinion of the majority, saying, on this point, "that the property of the railway company is partly within the jurisdiction of the Cape Girardeau Court of Common Pleas, and that in a proper action pending in that court, it had jurisdiction to appoint a receiver thereof, is conceded."

BARCLAY, J., for the minority, referring to Fulenwider v. Fulenwider, 53 Mo. 439, and Roth v. Tiedeman, 53 Mo. 489, said: "These decisions have stood unreversed for thirty years; and we adhere to them without discussion, as expressing the law touching the right of the common pleas court to hear and adjudicate suits of the general class to which the receivership proceeding in that court belongs."

In view of this uniform construction of the act creating said court and the fact that to now hold otherwise would unsettle many property rights which have doubtless vested upon the exercise of equitable jurisdiction by said court, we have no hesitancy in holding that said court has equitable jurisdiction and as incident thereto the power to issue and try suits for injunction and enforce its decrees in such cases.

But granting that said court has such power, it does not follow, that the *judge* thereof, may issue writs of injunction in *vacation, returnable* to said court. The contention of the defendant judge herein is that inasmuch as by the old chancery practice the judge of the court having jurisdiction in equity could grant a temporary writ in vacation, and as this court has ruled that the common pleas court has jurisdiction in equity, and in injunction cases, it necessarily follows that he has the same powers that a circuit judge has to issue temporary writs of injunction returnable to his own court.

On the other hand, the plaintiff insists that as this is a statutory court and as we must look to the act creating it for the powers of the judge thereof, and as the act expressly directs that injunctions granted by him shall be "returnable to the circuit court" his powers in injunctions *issued* by him *in vacation* are necessarily limited by the statute, and he can only make them returnable to the circuit court. Counsel for defendants refer us to section 4161, Revised Statutes 1899, which provides that "whenever the term 'circuit court' is used in any law general to the whole State, the same shall be construed to include 'courts of common pleas,' unless such construction would be inconsistent with the evident intent of such law or of some law specially applicable to courts of common pleas." And inasmuch as section 3627, Revised Statutes 1899, provides that "injunctions may be granted by the circuit court or judge thereof in vacation," if we read into said section,

"common pleas court" instead of "circuit court" the judge of said common pleas court would by express statute be given the power in vacation to issue the writs of injunction. But by recurring to section 4161, Revised Statutes 1899, it will be observed that the words "common pleas" is not to be read into the statute if by so doing such a construction would be inconsistent with "some law specially applicable to courts of common pleas." As we are considering a statute "specially applicable" to the Cape Girardeau Court of Common Pleas and as that statute expressly provides that "writs of injunction issued by the judge of said court shall be returnable to the circuit court," it is quite obvious that section 4161 in no way enlarges the powers of the judge of the Cape Girardeau Court of Common Pleas, but is inconsistent with the special act creating that court. So that after all, this record calls for a construction of the various acts defining the power of the judge of the common pleas court. The Legislature created the court, and had plenary power subject to the Constitution to give that court and the judge thereof just such authority as it deemed proper. That its attention was directed to the power it should confer on the judge in vacation is too plain for discussion. It saw fit not to leave his power in granting injunctions open to inference, but expressly directed such writs to be *"returnable to the circuit court."* It is not our duty or right to add to or amplify that power or change it by construction. Generally throughout our legislation when the Legislature has deemed it necessary to grant the judge, in contradistinction to his court, the power to make orders and grant writs in vacation, it has done so by positive enactment, and in view of the general doctrine that a judge in vacation has only such powers to transact judicial business as are expressly conferred upon him by statute, we think that when it authorized him to issue injunctions returnable to the

circuit court, it excluded his right to issue an injunction returnable to his own court.

Nor do we think that this involves the hardship which counsel urge, that irreparable injury may ensue if he is denied this power. His writ issued and returnable to the circuit court has all the efficacy and restraining power that it would have if returned to his own court, for the purpose of staying a threatened injury, remediable only in chancery. It is returnable to a court having full equity powers, and every presumption must be and is indulged that if the applicant therefor is entitled to such a remedy it will be sustained by the circuit court and if not, it ought to be dissolved.

Our conclusion is that the judge of the Court of Common Pleas exceeded his jurisdiction in granting an injunction in vacation returnable to his own court, and, hence, the provisional rule for prohibition must be and is made absolute.

All concur.