## KOEHLER v. SNIDER, Judge et al.

### Division Two, November 17, 1903.

**Power of Common Pleas Courts:** WRITS OF PROHIBITION. The Cape Girardeau Court of Common Pleas has no power to issue a writ of prohibition to the probate judge of that county forbidding him to issue a temporary injunction. That court of common pleas has not a superintending control over the probate court of Cape Girardeau county. Its superintending control over other courts is, by statute, limited to justices of the peace of the county, and none of the statutes cited enlarge that jurisdiction.

### Prohibition.

RULE MADE ABSOLUTE.

*W. H. Miller, Wilson Cramer* and *Sam H. West* for relator.

(1) The petition of the bridge company for injunction against the Terminal Railroad Company et al. had been filed in the office of the clerk of the circuit court of Cape Girardeau county, as provided by law, before its presentation to relator as judge of the probate court. (2) All of the defendants resided in Cape Girardeau county and the circuit court of that county had jurisdiction, notwithstanding the fact that the land sought to be condemned by the bridge company was situated in Scott county. Injunction operates *in personam*. High on Inj., p. 2, sec. 1. (3) In the vacation of the circuit court and the absence of the judge from the county, relator, as judge of the probate court, was authorized by law to grant temporary writs of injunction, returnable to the circuit court, and in this instance was acting strictly within the scope of his authority. R. S. 1899, secs. 3627, 3628, 3629. (4) The Cape Girardeau Court of Common Pleas under the act of its

creation had jurisdiction in Cape Girardeau township only (Laws 1851, p. 201). Subsequently, by the Act of 1853, its jurisdiction was enlarged and extended over the county (Laws 1853, p. 80), but this amendatory act shows that its jurisdiction is limited. R. S. 1899, p. 2579, secs. 1 and 2. (5) A writ of prohibition does not lie from the Cape Girardeau Court of Common Pleas, nor the judge thereof, to the probate court, nor the judge thereof. (a) Because the writ can issue only from a superior to an inferior court. High on Extr. Leg. Rem., sec. 762. (b) The Cape Girardeau Court of Common Pleas is an inferior court; it has neither appellate jurisdiction from the probate court, nor a superintending control over it. This jurisdiction is vested in the circuit court. R. S. 1899, sec. 1674. (c) The circuit court is also given a superintending control over the common pleas court and appellate jurisdiction from its judgments by appeal or writ of error. R. S. 1899, p. 2583, sec. 26; Laws 1853, p. 82. (d) While it is true that by the amendatory Act of 1853 the jurisdiction of the Cape Girardeau Court of Common Pleas was enlarged and made co-extensive with the county, it is specially defined by that act and its superintending and appellate jurisdiction is confined to justices of the peace. R. S. 1899, p. 2579, sec. 2; Laws 1853, p. 80; R. S. 1899, p. 2584, sec. 38; Laws 1864, p. 303. (e) It is significant and in point that the same section of the statute which enlarges the jurisdiction of the common pleas court and gives it "concurrent original jurisdiction in all civil actions at law with the circuit court of said county," limits its superintending control to justices of the peace. R. S. 1899, p. 2579, sec. 2. (f) Section 4449, Revised Statutes 1899, which provides that "the Supreme Court, and each division thereof, the two Courts of Appeals, and the circuit and common pleas courts within their several jurisdictions, and also the judges thereof to the extent hereinafter provided in this article, shall have power to hear and

determine proceedings in prohibition," confers no authority upon the court of common pleas, or the judge thereof, to control by prohibition the probate court or its judge. The words "within their several jurisdictions" do not mean jurisdiction territorially, but jurisdiction of subject-matter, which, in the case of the court of common pleas, is the concurrent superintending control of justices of the peace and appellate jurisdiction in cases tried before them.

*Giboney Houck, John A. Hope* and *M. R. Smith* for respondent Snider, Judge.

(1) The petition of the Southern Illinois and Missouri Bridge Company for injunction, set out in relator's petition for prohibition, presented to Judge Koehler, judge of the probate court of Cape Girardeau county, fails to show that said petitioner had any power to condemn property in Illinois, and so failing to make that showing, it had no such power in the State of Missouri, and hence the probate court should not have entertained its petition in that behalf, and in doing so, exercised an unwarranted power, that subjected it to the superintending control of the court of common pleas, or the judge thereof. Meyers v. McCabe, 73 Mo. 236; 2 Patt. (Comp.) Digest, p. 1091, par. 289. Courts will not take judicial notice of the legislative acts of other States. Authorities, supra. Whether or not the use is a public one is judicial, without regard to any legislative assertion on the subject. City v. Hancock, 91 Mo. 54; 1 Lewis on Eminent Domain, p. 408, sec. 158. (2) The court of common pleas within the county of Cape Girardeau, has the same powers and jurisdictions of the circuit court, and the circuit court is a court of general common-law jurisdiction. Hope v. Blair, 105 Mo. 85; Railroad v. St. Louis, 92 Mo. 160. (3) The Cape Girardeau Court of Common Pleas has the same power and jurisdiction within the county of

Cape Girardeau with respect to the issuance of writs of prohibition that the circuit court would have. R. S. 1899, p. 2579, sec. 2; Roth v. Tiedman, 53 Mo. 491. "Circuit courts" include "common pleas courts." R. S. 1899, sec. 4161. The Legislature in 1895 enacted a special statute controlling the issuance or procedure relating to writs of prohibition. Sec. 4449, R. S. 1899. (4) Relator, Koehler, as judge of the probate court, was not authorized in the exercise of probate jurisdiction to issue a temporary injunction, but that authority was conferred on him and all other probate judges by the statute regulating the issuing of injunctions by circuit and common pleas courts. R. S. 1899, sec. 3628. (5) It does not follow that before a court can superintend the actions of another court, it must have appellate jurisdiction. Appeal had its origin in the civil law. In civil actions it was unknown at common law. State ex rel. v. Woodson, 128 Mo. 514; 1 Am. and Eng. Ency. Law, p. 616. (6) If only appellate courts could issue writs of prohibition, then the writ could not have existed at common law; for, strictly speaking, there were no appellate courts at common law. 8 Bacon's Abridg., title "Prohibition," p. 208. (7) The Supreme Court issues this extraordinary writ against judges of the Courts of Appeals, probate judges and county court judges, to prevent them from in some way abusing their several jurisdictions touching causes pending in their courts. State ex rel. v. Clark County Court, 41 Mo. 47; State ex rel. v. Murphy, 132 Mo. 382. These and other cases in Missouri show that appellate jurisdiction is not necessary to the exercise of a superintending control over an inferior court.

STATEMENT.

FOX, J.—On the 12th day of May, 1902, after filing its petition in the office of the clerk of the circuit court of Cape Girardeau county, the Southern Illinois

and Missouri Bridge Company, a corporation created under the laws of the State of Illinois for the purpose of constructing and maintaining a bridge across the Mississippi river under the provisions of an act of Congress authorizing the construction thereof from a point in Alexander county, Illinois, to a point in Scott county, Missouri, and duly licensed to do business in the State of Missouri, made application to relator, Joseph Koehler, judge of the probate court of Cape Girardeau county, Missouri, in vacation, for a temporary injunction against the Cape Girardeau & Thebes Bridge Terminal Railroad Company, John H. Crowder, Louis B. Houck and Giboney Houck, to restrain and enjoin them from building or attempting to build a railroad or other structure upon a certain strip of ground necessary as an approach to said bridge, and for the condemnation of which for that purpose proceedings had previously been begun and were then pending in the circuit court of Scott county.

All of the directors of the Cape Girardeau & Thebes Bridge Terminal Railroad Company, including the president, John H. Crowder, and his co-defendants, Louis B. Houck and Giboney Houck, resided at the city of Cape Girardeau in Cape Girardeau county.

While the petition for injunction was being read to the relator, he was served with a writ of prohibition issued at the suggestion and relation of the defendants in the injunction, by the Hon. John A. Snider, judge of the Cape Girardeau Court of Common Pleas, in vacation, commanding him immediately to stop all proceedings before him and to refrain from issuing any injunction in said cause, until the further order of the Cape Girardeau Court of Common Pleas.

This writ was made returnable to the May term, 1902, of said court.

Upon the service of this writ of prohibition, the point was raised and suggested to relator by counsel

presenting the application for injunction, that the Cape Girardeau Court of Common Pleas had neither appellate jurisdiction from the probate court, nor a superintending control over the same, and that therefore the said writ of prohibition issued by Judge Snider was in excess of his authority, and was null and void. After hearing argument pro and con relator proceeded with the hearing of the application for injunction, and granted a temporary writ returnable to the circuit court of Cape Girardeau county.

At the following May term of the court of common pleas a citation was issued to relator to show cause at the succeeding September term why he should not be proceeded against for contempt, and to prevent the further alleged unlawful assumption and exercise of authority by said court of common pleas and its proceeding against him for contempt, relator presented to this court its petition in due form, praying the court to interfere by its writ of prohibition. The preliminary writ was, on the 13th day of September, 1902, issued. In obedience to said writ, respondents, on the 24th day of October, 1902, filed their returns separately to the same. The returns put in issue the allegations in the petition, that the writ of prohibition was issued by Judge Snider without authority.

The suggestions for the rule of prohibition against respondents contain copies of the petition for injunction, and also of the writ of prohibition issued by one of the co-respondents, Judge Snider. The returns also copy the judgment of the Dunklin Circuit Court, in the original condemnation proceeding, from which this proceeding springs. As there is but one legal proposition involved in this proceeding, and that does not arise from a detailed statement of the original condemnation proceeding, we deem it unnecessary to burden this opinion by inserting copies of the suggestions in the application for the rule, or of the full returns filed in compliance with the writ.

## OPINION.

There is but one legal proposition involved in this controversy, and that is sharply presented by the following allegations in the suggestion for the writ, and the reply of the respondent, Judge Snider, in his return. It is alleged "that the Cape Girardeau Court of Common Pleas has by law no supervision or superintending control over the probate court of said county, nor appellate jurisdiction therefrom, and neither the said court, nor the judge thereof in vacation, has jurisdiction to issue a writ of prohibition against your petition as judge of said probate court; that the said writ of prohibition issued against him by the Hon. John A. Snider, judge of the common pleas court aforesaid, is without the authority of law and void."

Those allegations are put sharply in dispute by the reply of respondent, Judge Snider. It is alleged in the reply: "Defendant further replying says that said court of common pleas is a court of original common-law jurisdiction and is possessed of the same powers of jurisdiction in respect to all original writs in Cape Girardeau county as is possessed by circuit courts, and has the same superintending control over inferior courts and the judges thereof, as have the circuit courts of the State."

From these averments in the suggestions of relator in his application for the rule and in the return of respondent, arise the only legal proposition that confronts us. The determination of the questions which are incidentally disclosed by the record in this proceeding, as to the property in the original proceeding being subject or not subject to condemnation, the question as to the sufficiency of the petition presented to the relator, the probate judge, for injunction, or the authority and power of the probate judge to issue temporary writs of injunction, is not a solution of the legal question presented in this cause, nor does it render any aid in solv-

ing it. The writ in this case must be made absolute or denied, by a determination of the powers vested in the Cape Girardeau Court of Common Pleas, in respect to its superintending control over the relator, and the probate court over which he presided. If the common pleas court had the power, through its writ of prohibition, to exercise a superintending control, as it sought to do in this case, it was the duty of relator to respect such exercise of power and appropriately contest the proper exercise of the power, in his return to the writ. If, on the other hand, the court of common pleas, under the law, is not vested with a superintending control over the probate court of Cape Girardeau county, and its attempt to exercise such power, through its writ of prohibition, was without authority, it is equally clear that it was the duty of the co-respondents, the Terminal Railroad Company, to seek the relief sought from some tribunal clothed with full power and authority to grant it, and even though it be conceded that the petition presented to relator for injunction was insufficient and that relator was about to do an unauthorized act, such facts do not add to the force or power of the judge of the court of common pleas. The authority to exercise a superintending control over inferior courts must find its support in the law, and not by any particular condition or state of facts which may surround the transaction.

The Cape Girardeau Court of Common Pleas was created by the Legislature in 1851. [Laws 1851, p. 201.] This act creating the court limited its jurisdiction to causes arising in the township and city of Cape Girardeau. In 1853, the jurisdiction of this court was enlarged, and extended over the entire county, and concurrent jurisdiction given with the county courts, in respect to probate of wills and administration of estates, etc. [Laws 1853, p. 80.]

The Legislature created the court under discussion, hence as to its jurisdiction, power and authority, we must look to the lawmaking power that brought it into

existence. GANTT, J., in the case of Oliver v. Snider, 176 Mo. 63, very aptly expressed the views of this court in treating of the power and authority of the common pleas court. He said: "The Legislature created the court, and had plenary power subject to the Constitution to give that court and the judge thereof just such authority as it deemed proper."

The statute establishing this court leaves no doubt as to the jurisdiction conferred; but, in express terms, provides the extent of its jurisdiction. So far as applicable to the question being discussed, the statute provides:

"The said court of common pleas established by the act to which this is supplementary to and amendatory of, shall be held within the city of Cape Girardeau, and shall have power and jurisdiction within the city, township and county of Cape Girardeau, as follows: First, concurrent original jurisdiction in all civil actions at law, with the circuit court of said county; second, concurrent original jurisdiction with the circuit court in all actions whatsoever, by and against boats and vessels; third, a concurrent superintending control with the circuit court, over justices of the peace in all civil cases, in said county of Cape Girardeau, and exclusive jurisdiction in appeals in all cases tried before the recorder of the city of Cape Girardeau, and before justices of the peace, within said city and township of Cape Girardeau."

It will be observed from the section as quoted that the Legislature, in conferring jurisdiction upon the court of common pleas, in respect to superintending control of inferior courts, contented itself by limiting that power to simply concurrent jurisdiction with the circuit court, *in its superintending control over justices of the peace* in all civil cases. The terms of this statute conferring jurisdiction are significant, and indicate clearly that the Legislature intended this provision as a limitation upon the power and authority of the com-

mon pleas court, when viewed in the light of section 1674, Revised Statutes 1899, which confers jurisdiction of circuit courts. It provides that circuit courts shall have "appellate jurisdiction from the judgments and orders of county courts, probate courts and justices of the peace, in all cases not expressly prohibited by law, and shall possess a superintending control over them, and a general control over executors, administrators, guardians, curators, minors, idiots, lunatics, and persons of unsound mind."

Here we have, in this section, power in the circuit courts of a superintending control over county and probate courts, and justices of the peace, yet, when the authority of superintending control is vested, the General Assembly confined the concurrent jurisdiction of the common pleas court, in the exercise of its superintending control, to justices of the peace. There is no apparent reason for the selection of one of the tribunals enumerated, over which the circuit court had jurisdiction, and conferring concurrent jurisdiction upon the common pleas court, except the clear intention to limit the power and authority of the common pleas court in respect to its superintending control.

The Supreme Court, the courts of appeals, and the circuit courts spring from the organic law, the Constitution of the State, vested with full power of superintending control over inferior tribunals. The powers of the court of common pleas must be conferred by the law creating it. It must be admitted that the authority of superintending control can be conferred upon the common pleas court; but we are met with the inquiry, has that power been vested? In support of this contention by respondents, our attention is earnestly directed to section 4161, Revised Statutes 1899, and it is insisted that "circuit courts" include "common pleas courts." Section 4161, Revised Statutes 1899, provides:

"Whenever the term 'circuit court' is used in any law general to the whole State, the same shall be con-

strued to include 'courts of common pleas,' unless such construction would be inconsistent with the evident intent of such law, or of some law specially applicable to courts of common pleas."

The application of this section to courts of common pleas is made clear in the case of Oliver v. Snider, supra. It was urged in that case, in support of the powers of the judge of the common pleas court, in respect to injunctions. The court, in discussing that section, said:

"Counsel for defendants refer us to section 4161, Revised Statutes 1899, which provides that 'whenever the term "circuit court" is used in any law general to the whole State, the same shall be construed to include "courts of common pleas," unless such construction would be inconsistent with the evident intent of such law or of some law specially applicable to courts of common pleas.' And inasmuch as section 3627, Revised Statutes 1899, provides that 'injunctions may be granted by the circuit court or judge thereof in vacation," if we read into said section, 'common pleas court' instead of 'circuit court' the judge of said common pleas court would by express statute be given the power in vacation to issue writs of injunction. But by recurring to section 4161, Revised Statutes 1899, it will be observed that the words 'common pleas' is not to be read into the statute if by so doing such a construction would be inconsistent with 'some law specially applicable to courts of common pleas.' As we are considering a statute 'specially applicable' to the Cape Girardeau Court of Common Pleas, and as that statute expressly provides that 'writs of injunction issued by the judge of said court shall be returnable to the circuit court,' it is quite obvious that section 4161 in no way enlarges the powers of the judge of the Cape Girardeau Court of Common Pleas, but is inconsistent with the special act creating that court."

So, in harmony with the reasons assigned in the

Oliver case, we say, in this case, that section 4161 in no way enlarges the powers of the court of common pleas or the judge thereof, in respect to the power of superintending control. That section can not be construed as giving authority to the common pleas court or the judge thereof, to exercise a superintending control over the probate court of Cape Girardeau county, for the reason that such construction would be inconsistent with the evident intent and purpose of the statute creating such court.

It is also urged that section 4449, Revised Statutes 1899, indicates authority in the court of common pleas to issue and hear the writ of prohibition issued by Judge Snider. This section provides:

"The Supreme Court, and each division thereof, the two courts of appeals and the circuit and common pleas courts, within their several jurisdictions, and also the judges thereof to the extent hereinafter provided in this article, shall have power to hear and determine proceedings in prohibition."

It will be observed that this section is not the origin of the power to issue the writ, but was simply an enactment, indicating the procedure in the exercise of the power to hear and determine proceedings in prohibition. The very terms of the statute indicate that it is not intended to enlarge the powers of the court, for it expressly provides that such authority shall be exercised "within their several jurisdictions."

The jurisdictions contemplated by the statute not only include territorial jurisdiction, but subject-matter as well. The jurisdiction of the courts enumerated in section 4449, supra, had long prior to the enactment of this statute been settled, and it is apparent that this section did not undertake to grant any powers not heretofore existing. In our opinion, its application to common pleas courts refers to the jurisdiction conferred by the statute, in exercising concurrent jurisdiction, with

the circuit court, in its *superintending control over* justices of the peace.

The authority of superintending control is vested in the Supreme Court, over all inferior courts, and this power is exercised regardless of its appellate jurisdiction.    [Art. 6, sec. 3, Constitution of Missouri.]

The circuit court is expressly granted this power over probate and county courts, by the Constitution and the statute.    Section 1674, Revised Statutes 1899, furnishes this authority over the common pleas court.

As to the common pleas court, the statute is absolutely silent in respect to authority, except as mentioned heretofore.

One of the most potent methods of exercising *superintending control* over inferior courts is by writ of prohibition.    The judge of the Cape Girardeau Court of Common Pleas doubtless sought to exercise this authority over the probate court, and the judge thereof, by the issuance of the writ before us.

We have reached the conclusion that, upon a fair construction of the various acts, defining the powers of that court and the judges thereof, he had no such authority, and that the writ of prohibition issued by him, directed to the relator, was in excess of his power, and the preliminary rule for prohibition should be and is made absolute.

All concur, except *Burgess, J.,* absent.